## Bryn Mawr National Bank, Appellant, *v.* James.

*Striking off judgment entered without authority.*

As a general rule, the court will not strike off a judgment, regular upon its face; but it may do so where the judgment has been entered wholly without authority. The judgment so entered is no judgment at all, so far as it affects the rights of the defendant.

The court will strike off a judgment where the affidavit of the defendant states that she had no knowledge that a suit had been brought against her until execution was issued upon the judgment; that the attorney who had accepted service of the writ and statement was not her attorney; that

she had never consulted him professionally in respect to the said suit, and that he had no authority from her to accept service as her attorney of such writ and statement.

Argued Jan. 4, 1893. Appeal, No. 436, Jan. T., 1892, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1891, No. 832, making absolute rule to strike off judgment against defendant, Emma James. Before Paxson, C. J., Sterrett, Green, Williams, McCollum, Mitchell and Dean, JJ.

Assumpsit on promissory note.

From the record it appeared that on Oct. 31, 1891, summons in assumpsit issued and a statement on a promissory note was filed. Nov. 2, 1891, service of the writ and statement was accepted by John J. Clark, whose appearance was entered as attorney for defendant. Judgment was subsequently entered for want of an affidavit of defence, and execution issued. The defendant then applied for a rule to strike off judgment. The material averments of the affidavit in support of the rule appear by the opinion of the Supreme Court. On March 10, 1892, the court made the rule absolute without an opinion filed.

*Error assigned* was order striking off judgment.

*A. A. Hirst* and *J. M. Pile*, for appellant, cited France v. Ruddiman, 126 Pa. 257.

*Thomas Diehl*, for appellee, cited Election Cases, 65 Pa. 29; Penna. R. R. Co. v. Lutheran Congregation, 53 Pa. 450; Executor v. Rutherford, 1 Pearson, 557; Hutchinson v. Ledlie, 36 Pa. 112; Banning v. Taylor, 24 Pa. 291.

Opinion by Mr. Chief Justice Paxson, January 16, 1893:

The only specification of error is, that the court below erred in striking off the judgment which had been entered in favor of the plaintiff. The appellant's paper book does not give us the entire record necessary to an intelligent understanding of the case. The appellee, however, has given us the affidavit of the defendant upon which the court granted the rule to strike off the judgment, by which it appears that the first knowledge that the defendant had that a suit had been brought against her was the execution issued upon the judgment; that one John J. Clark, attorney at law, had accepted service of the writ and statement issued and filed therein as attorney for the

defendant; that the said John J. Clark was not her attorney; that she had never consulted him professionally in respect to the said suit, and that he had no authority from her to accept service as her attorney of such writ and statement. While the court may not, as a general rule, strike off a judgment, regular upon its face, yet it may do so where a judgment has been entered wholly without authority. The judgment so entered is no judgment at all, so far as it affects the rights of the defendant. In this case the question of fact, as to the authority of the attorney, has been decided by the court below in favor of the defendant. We must presume it to have been correctly decided in the absence of anything to show the contrary.

Judgment affirmed.