John G. Lytle, Surviving Administrator of G. H. Lytle, deceased, *v.* Joel Forrest and Nathan L. Hoover (Appellant), trading as Forrest & Hoover.

*Judgment— Opening judgment—Laches.*

Applications to open judgments by default and let the defendants into a defense are appeals to the equitable power of the court, and should be made with reasonable promptness. Where the defendant delays for eleven years after he knows the judgment had been entered against him for want of an affidavit of defense, and after the death of the plaintiff, the court will refuse to open the judgment.

Argued April 20, 1896. Appeal, No. 82, July T., 1895, by
N. L. Hoover, one of the defendants, from order of C. P. Clear-
field Co., March T., 1876, No. 612, discharging rule to open
judgment. Before STERRETT, C. J., McCOLLUM, MITCHELL,
DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

GORDON, J., filed the following opinion:

This is a rule on part of N. L. Hoover, one of the defend-
ants, to open a judgment entered May 19, 1876, for want of an
affidavit of defense, because the writ of summons was not served
upon him, but instead, service thereof was accepted by the firm
of McEnally & McCurdy for defendants without his knowledge
or authority. The evidence, however, shows that the petitioner
had knowledge of the fact that service had thus been accepted,
and appearance entered for defendants, and that judgment by
default had been entered, within "several months after the
judgment had been obtained," and that he acquiesced therein,
and made no move to have the judgment opened till August 19,
1887, which was eleven years after entry of judgment, and more
than ten years after he had knowledge of it, during which time
the plaintiff therein died, and proceedings were had to revive
and collect the judgment. This was certainly gross laches on
the part of petitioner, and amounted to a confirmation of the
act of the attorneys in appearing and accepting service for him
and his codefendant. His unfortunate financial condition at
the time may have been, as he claims, the cause of this laches,
and a hardship may result to him in consequence, but in the eye
of the law it is no excuse for it, and does not relieve the delay
of the consequences which flow from it. Mere lapse of time
intervening after an appearance and acceptance of service by
any attorney raises a presumption of authority so to act, or at
least of the knowledge and acquiescence of the party therein,
and while this presumption may be rebutted, it requires clear
proof to do so, which must extend not merely to the lack of
authority, but to the lack of knowledge and acquiescence as
well, to which extent the proof in this case, as before stated,
does not go. See Mut. Life Ins. Co. v. Pinner, 10 Atl. 184;
Harper v. Biles, 115 Pa. 594.

Besides in view of the fact that plaintiff is dead and petitioner cannot be a witness, the testimony is not clear that the petitioner could make a successful defense to the plaintiff's claim, even if the judgment were opened. At most the testimony but casts a doubt upon the plaintiff's case which would not be sufficient to prevent a recovery in view of the long delay, which is chargeable to the petitioner. Rule discharged.

*Error assigned* was order discharging rule.

*W. C. Pentz,* for appellant, cited: Harper v. Biles, 115 Pa. 594; Mut. Life Ins. Co. v. Pinner, 10 Atl. 184; Kalbach v. Fisher, 1 Rawle, 323; Cochran v. Eldridge, 49 Pa. 365; Hamilton v. Yocum, 108 Pa. 304; Stephens v. Stephens, 1 Phila. 108; Hunter v. Mahoney, 148 Pa. 232; Stockhill v. Webster, 160 Pa. 473; Steiner v. Scholl, 163 Pa. 465; Wilson v. Cox, 170 Pa. 331.

*Roland D. Swoope, William F. Patton* with him, for appellee, were not heard, but cited in their printed brief: Jenkintown Bank, 124 Pa. 337; Walter v. Fees, 155 Pa. 55; Com. v. Titman, 148 Pa. 168; Kelber v. Pitts. Plow Co., 146 Pa. 485; Applebee's App., 126 Pa. 385; Graham v. Boston H. & C. R. R., 118 U. S. 161; Kemmerer v. Markle, 3 Dis. Rep. 652; Littster v. Littster, 151 Pa. 474; 12 Am. & Eng. Ency. of Law, 605; Roth's Est., 150 Pa. 261; Babcock v. Day, 104 Pa. 4.

PER CURIAM, May 11, 1896:

For reasons given by the learned president of the court below, he was clearly right in discharging appellant's rule to open the judgment.

Applications to open judgments by default, and let the defendants into a defense, are appeals to the equitable power of the court, and should be made with reasonable promptness. In this case appellant's laches were inexcusable. His petition was not presented until after the death of the plaintiff and the lapse of about eleven years after he knew that judgment had been entered against him for want of an affidavit of defense. Having failed to give any satisfactory excuse for this long and unreasonable delay, he was in no position to invoke the aid of a court of equity.

Decree affirmed and appeal dismissed at appellant's costs.