SYDNEY REUTER *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

MAY 25, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an action of trespass on the case for negligence which, together with three other cases against the same defendant, was tried before a justice of the supe-

rior court sitting with a jury. The jury returned a verdict in this case in the sum of $350 and verdicts for varying amounts in the other cases. In each of the four cases the plaintiff filed a motion for a new trial which was later denied as to the other three cases. In the case before us a new trial was granted on damages only unless the defendant within ten days consented to an additur of $690. The defendant did not consent but brought a bill to this court containing four exceptions. The only exception which has been briefed and argued is that taken to the trial justice's decision granting plaintiff's motion for a new trial on damages.

The essential facts are few and for the most part are not disputed. At about five o'clock in the afternoon of October 21, 1957, plaintiff was operating a 1956 Cadillac car on Clifford street proceeding toward Friendship street in the city of Providence. Beside him was his wife Shirley and to her right their daughter Pamela. On the right of the rear seat was their son Ronald. The car was owned by plaintiff's wife. There were several cars in line ahead of plaintiff's car, which had been stopped a matter of minutes when defendant's cab struck plaintiff's car in the rear and pushed it forward three to four feet. The blow caused plaintiff to be pushed against the steering wheel while his wife was thrown against the dashboard. Pamela cut her head on the compartment door and Ronald was thrown forward from the seat. All were treated on the same afternoon and for some time afterward by Dr. Joseph M. A. Parrillo at his office. X rays were taken of all four occupants of plaintiff's car by Dr. Albert F. Rocco and services were also rendered plaintiff by Dr. Michael E. Scala.

The single question now raised before us is: Did the trial justice err in granting plaintiff's motion for a new trial unless defendant consented to an additur in the amount of $690? This amount represents doctors' bills for treatment for all four occupants of plaintiff's car. They were testi-

fied to as being reasonable and were not contested. The responsibility for the payment of these bills was on plaintiff Sydney Reuter and was so alleged in each of the four cases.

However, the trial justice in his charge to the jury in speaking of damages said: "If you find the defendant liable, the Court has set forth the law on that, the plaintiff is entitled to recover those expenses for care and treatment, and medical attendance, incurred necessarily as a result of the injuries sustained. Therefore, in awarding damages, if any, you may consider the extent to which the plaintiff has proved expenses have been necessarily incurred in providing for care, treatment and medical expenses as a result of the injuries sustained. You know there is evidence here that all four plaintiffs here did receive medical attention."

As hereinbefore stated, four cases including the instant case were consolidated for trial. Therefore, in the portion of the judge's charge just referred to, the question arises as to what person the trial justice meant when he used the word, "plaintiff." While as we read that portion of the charge it is not wholly clear, yet we are of the opinion that no confusion was caused in the minds of the jury as to who was responsible for the medical bills or who should be reimbursed for them if it was found that defendant was liable. Bills of particulars and declarations were with the jury in the jury room and they clearly indicated who was responsible for medical expenses. The following questions and answers appeared in the testimony. The plaintiff Sydney Reuter was on the witness stand. "Q. Did you as father of the children receive the medical bills? A. Yes, I have. Q. It's your responsibility to pay them? A. Yes, that's right."

The jury could properly find from the evidence that the injuries were not severe and that in the case of the father did not lessen his earning power since he continued to run his bakery, and so they rendered the following small ver-

dicts for each plaintiff: Sydney $350, his wife $450 since she was the owner of the car which was damaged, the daughter $250, and the son $100. If these amounts were to include doctors' bills, and in the case of the wife the repairs to the automobile, there would be left as compensation for Sydney $40, for the wife $30.25, for the daughter $135 and for the son $20. While no one can say with absolute certainty what was in the minds of the jurors, it seems most reasonable that the doctors' bills were overlooked and so instead of giving the father a verdict of $1,040 they fixed his verdict at $350. That appears to have been the reasoning of the trial justice. In the event of liability the medical expenses were a part of Sydney's damages to which he was entitled, and the trial justice upon the evidence properly gave the defendant its choice between a new trial on damages only or an additur in the amount of $690, the sum total of the medical expenses. G. L. 1956, §9-23-1.

The defendant's exception is overruled, and the case is remitted to the superior court for a new trial on damages only unless the defendant shall within the period to be fixed by that court consent to the additur heretofore awarded by the trial justice.

*Jacob J. Alprin, John A. Mutter,* for plaintiff.

*McGee and Doorley, Frank J. McGee,* for defendant.