International Organization Masters, Mates and Pilots of America, Local No. 2, Appellant, *v.* International Organization Masters, Mates and Pilots of America, Inc.

Argued November 13, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Kip D. Denega, Jr.,* with him *John W. Kephart, Jr.,* and *Joseph N. Bongiovanni, III,* for Reed, Devos, King, Cohen, Petruncio and Vickers, appellants.

*Wilfred F. Lorry,* with him *William Goichman* and *Lorry, Machles & Hymowitz,* for Stoughton, Schweigert, Smith, Lucas and Zartman, appellants.

*William J. Lederer,* for Francis J. Sibre, appellant.

*John D'Angelo,* with him *Marvin Schwartz,* and *Bank & Minehart,* for International Organization Mas-

ters, Mates and Pilots of America, Inc., a corporation, et al., appellees.

*Howard L. Ganz,* with him *Bernard G. Segal, James J. Leyden, Schnader, Harrison, Segal & Lewis,* and *Proskauer, Rose, Goetz & Mendelsohn,* for Employer-Designated Trustees of International Organization Masters, Mates and Pilots Pension and Welfare Plan, a trust, appellees.

*Melvin Alan Bank,* with him *Marvin Schwartz,* and *Bank & Minehart,* for Union-Designated Trustees of International Organization Masters, Mates and Pilots Pension and Welfare Plan, a trust, appellees.

OPINION BY MR. JUSTICE NIX, April 23, 1974:

In 1956 twelve members of Local 2 of the defendant union, International Organization of Masters, Mates and Pilots of America, instituted an action in equity against the union for improper expulsion. Preliminary objections were sustained by the trial court which held that its jurisdiction was preempted by that of the National Labor Relations Board. This Court overturned that ruling and remanded the case, 414 Pa. 277, 199 A.2d 432 (1964), *cert. denied,* 379 U.S. 840 (1964). Trial was had under a bifurcated procedure, on the issue of liability and, after two years, the defendant union was adjudged liable and a date for the trial on the damages issue was set.

Approximately two weeks after the assessment of damages proceeding began, a settlement was agreed upon by the union and eleven of the twelve plaintiffs, and on June 23, 1971, the decree was formally signed and filed. This decree commanded that the defendant union should make such payments to the Union's Pension and Welfare Plan as necessary to give the plaintiffs their normal pension according to the schedule set down in

the decree.[1] The date for such payment was July 1, 1971. On the appointed day the defendant union failed to comply with the provisions of the consent decree. The plaintiffs, appellants here, then filed a Petition for Contempt Citation wherein they prayed that the court hold defendant-appellees in contempt, direct them to comply forthwith with the consent decree, and impose an appropriate fine.[2] The employer and union designated trustees of the pension fund were joined as party defendants in this contempt action pursuant to Pa. R. C. P. 2232 and the employer trustees unsuccessfully

---

[1] In pertinent part the decree states:

"I. The Defendants shall make such full payments to the International Organization of Masters, Mates and Pilots Pension Plan as are necessary for the various Plaintiffs to be qualified for and to receive pensions from the International Organization of Masters, Mates and Pilots Pension Plan in accordance with the following schedule. . . .

"II. The Defendants shall pay to the International Organization of Masters, Mates and Pilots Welfare Plan on behalf of the Estate of Newton E. Zartman such contributions as are necessary for his widow to receive from the International Organization of Masters, Mates and Pilots Welfare Plan the death benefit resulting from the death of Newton E. Zartman in March of 1959.

"III. A. The Defendants shall pay to Kip Denega, Esquire, as attorney for Leon Cohen, Charles G. Devos, Willard S. King, Peter Petruncio, Thomas N. Reed, and H. C. D. Vickers the sum of $40,000.00, which this Court finds as damages, counsel fees and costs for the aforesaid Plaintiffs.

"B. The Defendants shall pay to Paul Ribner, Esquire, as attorney for Arthur W. Smith, Edmund H. Stoughton, Samuel J. Schweigert, Weldon J. Lucas and Newton E. Zartman, the sum of $78,000.00 as damages, counsel fees and costs for the aforesaid Plaintiffs.

"IV. The Court shall retain jurisdiction of this matter for the purpose of seeing to it that its terms and conditions are carried out. The parties agree that any dispute concerning the interpretation or enforcement of this DECREE AND ORDER OF SETTLEMENT shall be referred to this Court for disposition."

[2] One set of plaintiffs requested simply a fine of $3000 a day for contempt of court and additional counsel fees.

attempted to remove the case to the federal district court. The lower court, after a hearing, denied the contempt petition without opinion. This appeal was taken from that order.

To sustain the lower court's denial of the contempt petition the union and the trustees of the Pension Plan argue that the consent decree was filed in error. They contend that it was the understanding of all parties that the consent decree was to be filed only after the approval of the trustees had been obtained. Such approval was never obtained and thus the consent decree should not be given any effect.

Despite this argument no action to vacate the consent decree was ever instituted, see generally, 139 A.L.R. 421 (1942), although three months passed between the time the decree was filed and the filing of the contempt petition. The judge, in his disposition of the matter, although denying the contempt petition and setting a date for another trial on the issue of damages, did not vacate the consent decree.

The union will not be permitted to attack the validity of the consent decree in this contempt proceeding. The force and effect of a consent decree has been articulated in prior opinions. See, e.g., *Moore v. Deal*, 240 F. Supp. 1004 (E.D. Pa. 1965); *Cooper-Bessemer Co. v. Ambrosia Coal & Construction Co.*, 447 Pa. 521, 525, 291 A.2d 99, 100-01 (1972), *Zampetti v. Cavanaugh*, 406 Pa. 259, 176 A.2d 906 (1962). In the latter case we said: "Although a consent decree is not a legal determination by the court of matters in controversy . . . it binds the parties with the same force and effect as if a final decree has been rendered after a full hearing upon the merits. . . . The fact that without the consent of the parties the court might not have rendered the judgment does not affect its effect as *res judicata*. . . . Were this not so a consent decree would have little value." 406 Pa. at 265, 176 A.2d at 909.

In the absence of fraud or mutual mistake a collateral attack upon a consent decree, as against any final judgment, is improper.[3] See *Baran v. Baran,* 166 Pa. Superior Ct. 532, 537, 72 A.2d 623, 625 (1950). Cf. generally *Gordon v. Hartford Sterling Co.,* 350 Pa. 277, 285-286, 38 A.2d 229, 233 (1944) ; *Commonwealth v. City of Philadelphia,* 5 Pa. Commonwealth Ct. 358, 361, 290 A.2d 734, 735 (1972).

Although the union is bound by the decree, we cannot, on the evidence in the record before us, find a sufficient basis to bind the trustees of the Plan. Appellants, in support of their attempt to bind these trustees assert only that one of the lawyers who was a party to the consent decree and participated in the negotiations was paid by the Plan. Even assuming such payment was made, this fact alone is not sufficient to bind the payor. *Williams v. Lumbermen's Insurance Co.,* 332 Pa. 1, 6, 1 A.2d 658, 660 (1938). Moreover, an attorney cannot, absent express authority, settle litigation. *Archbishop v. Karlak,* 450 Pa. 535, 540, 299 A.2d 294, 296 (1973).

Therefore, we hold the decree binding as to the union and remand the case to the lower court to afford the union an opportunity to comply forthwith under the terms of the decree. The union must *"make such full payments to the . . . Plan as are necessary for the various plaintiffs to be qualified for and to receive pensions from the . . . Plan"* in accordance with the schedule provided in the decree. In the event of the union's failure to comply forthwith, the lower court shall, in the alternative, impose appropriate sanctions.

---

[3] Appellees had ample opportunity to appeal directly from the entry of the order or petition to vacate or set aside the decree, where, in either instance, any attack against the element of consent would be cognizable. Cf. *Moore v. Deal, supra* at 1005-1006; *Lowber and Wilmer's Appeal,* 8 Watts & Sergeant 387 (1845) ; 46 Am. Jur. 2d, *Judgments* §688 (1969) ; 140 A.L.R. 823, 824 (1942).

Accordingly, the case is remanded for proceedings consistent with this opinion. Each party to pay own costs.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I agree with the majority and with Mr. Justice MANDERINO that this matter should be remanded. I believe that the remand order should also contain an instruction that the chancellor direct appellees to immediately make the payments provided for in the 1971 consent decree.

———

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I concur in the remand but dissent because we can not and should not decide, on the record before us, whether the trustees of the pension plan were parties to the consent decree entered into with the appellants. The trial court made no findings of fact and dismissed the contempt petition without an opinion. The matter should be remanded for an evidentiary hearing, findings of fact and conclusions of law as to whether or not the trustees were parties to the consent decree. If they were, they, as well as the union, should be given an opportunity to comply.