393 A.2d 18

**KING ATHLETIC GOODS COMPANY and Pro Sporting Goods Company, Appellants,**

v.

**REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA, Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 18, 1977.

Decided Oct. 5, 1978.

Lewis Kates, Philadelphia, for appellants.

Thomas D. Watkins, Dennis L. Friedman, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

In this equity action, the Court of Common Pleas of Philadelphia entered a final decree on February 20, 1973, directing the Redevelopment Authority of Philadelphia (Authority) to pay the plaintiffs, King Athletic Goods Company and Pro Sporting Goods Company, the total sum of $67,-359.47, in payment of the sum the plaintiffs had expended in the relocation and reinstallation of machinery made necessary by the condemnation of certain real estate. On appeal, we ruled that in view of an agreement entered into by the plaintiffs and Authority, and relevant provisions of the Eminent Domain Code, the Act of June 22, 1964, Special Session, P.L. 84, Art. VI, §§ 1–101 *et seq.*, 26 P.S. §§ 1–101, *et seq.*, then extant, the plaintiffs' recovery may not exceed $25,000.00. Hence, on July 1, 1974, we vacated the decree of the Court of Common Pleas and remanded the record to that court "for the purpose of entering a decree in accordance with this opinion." See *King Athletic Goods Company v. Redevelopment Authority*, 457 Pa. 17, 323 A.2d 727 (1974) [Hereinafter: *King I*].

As a result of our mandate, the Court of Common Pleas on February 21, 1975,[1] without a hearing, vacated its decree of February 20, 1973, and entered a new decree awarding the plaintiffs, King Athletic Goods Company and Pro Sporting Goods Company, the sum of $50,000.00 against Authority. The prothonotary was directed to enter a judgment in the amount specified and to give notice of the decree to counsel for all party litigants.[2]

On June 23, 1975, no exceptions or appeals having been filed, judgment was entered as the court directed, and notice

1. Due to the death of the trial judge who presided over the adjudication prior to *King I*, a different judge entered the decree of February 21, 1975.

2. The docket entries do not indicate notice of the decree was given pursuant to Pa.R.C.P. 236 or pursuant to the directive in the decree as they do in other instances, but Authority has not asserted such notice was not given to its counsel. See Pa.R.C.P. 236(b).

of the judgment was given pursuant to Pa.R.C.P. 236. The notice was received by Authority on June 26, 1975.[3]

On February 4, 1976, Authority filed a petition in the Court of Common Pleas to strike off and vacate the judgment. The court stayed all proceedings pending disposition of the petition and granted a rule to show cause. The plaintiffs filed preliminary objections and an answer to the petition to strike.

On April 8, 1976, the court struck off the judgment entered on June 23, 1975, vacated its decree of February 21, 1975, and entered a new decree awarding the plaintiffs damages in the amount of $25,000.00, and directing the prothonotary to enter judgment for this amount in favor of the plaintiffs and against Authority. The plaintiffs filed this appeal.[4]

■ Authority argued in the Court of Common Pleas and that court agreed that this Court's ruling on July 1, 1974, *King I*, supra, as well as § 608 of the Eminent Domain Code of 1964, 26 P.S. § 61–608 (since repealed), limited plaintiffs' recovery to $25,000.00, and that the judgment of June 23, 1975, for $50,000.00 should be stricken off. The plaintiffs maintain the Court of Common Pleas erred in granting the motion to strike. With this, we agree.

Following the entry of the decree of February 21, 1975, Authority did not file exceptions to the decree, nor did it file an appeal therefrom. Furthermore, following the entry of judgment as directed by the decree, no action was taken by Authority until February 4, 1976.

In *Policino v. Ehrlich*, 478 Pa. 5, 385 A.2d 968 (1978), we held that a motion to strike a judgment on the basis that the judgment was entered contrary to a valid defense of interspousal immunity, Act of June 8, 1893, P.L. 344, § 3, 48 P.S.

3. The notice did not indicate the dollar amount of the judgment.

4. Since the matter was previously before this Court and since no objection has been raised by the parties, we shall accept jurisdiction. *King I*, supra, 457 Pa. at 22, n. 6, 323 A.2d at 729, n. 6. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, Art. V, § 503, 17 P.S. § 211.503 (Supp.1978–79).

§ 111, was improperly granted because the defense did not involve subject matter jurisdiction and thus the objection thereto had been waived by the failure of the petitioning party to raise the defense in post-verdict motions or on appeal. Implicit to our ruling in *Policino v. Ehrlich*, supra, was the recognition of the fact that the judgment was not at variance with the verdict and, accordingly, the moving party should have raised the defense in the direct proceedings, rather than in a collateral attack.[5]

Instantly, the basis for the challenge to the judgment is that it does not conform to our ruling of July 1, 1974, or to the Eminent Domain Code, 26 P.S. § 1–608. Even though the judgment did not so conform, it may not be attacked collaterally because: 1) the basis for challenge did not involve subject matter jurisdiction, nor did it assert the judgment was otherwise void (for example, lack of notice); 2) the judgment was in conformity with the court's decree of February 21, 1975; and, 3) the decree of February 21, 1975, was not challenged through exceptions to the decree or through a direct appeal. Accordingly, *Policino v. Ehrlich*, supra, is controlling.

 Authority argues the motion to strike was properly granted because extraordinary circumstances showing a "breakdown in the judicial machinery" were present. It argues the final decree of February 21, 1975, was entered through the "inadvertence, mistake or accident" of the Court of Common Pleas because it directed entry of a judgment in an amount which did not conform with the prior directive of this Court and exceeded the statutorily allowed amount the plaintiffs could recover. We fail to see how the entry of a final decree directing judgment in a certain amount, even though the amount did not conform with this Court's directive and the statutorily allowed amount, constitutes a "breakdown in the judicial machin-

5. Of course, the situation related must be contrasted with a situation where the judgment does not conform to the verdict, and the basis for challenging the judgment is accordingly unknown at the time of the verdict.

ery." To the contrary, such an action would merely constitute an error of law in interpreting our prior opinion and the applicable statutory provision which could have been corrected by the filing of exceptions or an appeal from the decree. Had the judgment not conformed with the decree, the situation would be altogether different, but such is not the case. Finally, assuming Authority did not receive notice of the decree of February 21, 1975,[6] we still conclude the motion to strike was improperly granted. Notice of the entry of judgment was given to Authority and was received on June 26, 1975; yet, the motion to strike was not filed until February 4, 1976.

> "The general rule is that if a judgment is sought to be stricken off for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time, or the irregularity will be held to be waived."

7 Standard Pennsylvania Practice Ch. 30, § 196 (1961). Accord *Samango v. Hobbs,* 167 Pa.Super. 399, 75 A.2d 17 (1950), quoting *Eastman Kodak Co. v. Osenider,* 127 Pa.Super. 332, 193 A. 284 (1937). We are not persuaded passage of more than seven months constitutes a reasonable time.

Authority has attempted to excuse its failure to act within a reasonable time of receiving notice of the entry of judgment by asserting that the notice did not contain the dollar amount of the judgment. There is nothing in the procedural rules of this Court or the procedural rules of the Court of Common Pleas of Philadelphia to require that notice of the entry of the judgment specify the amount of the judgment, and we are not convinced that the failure of the notice to specify the amount of the judgment excuses the inaction of Authority for more than seven months. Furthermore, plaintiffs' counsel sent Authority's counsel of record a copy of the

6. Authority has not asserted it or its counsel did not receive such notice pursuant to the directive in the decree and pursuant to Pa.R. C.P. 236(a)(2), but we shall make the assumption because the docket entries supplied to us in the reproduced record do not indicate that notice was given and Pa.R.C.P. 236(b) requires the prothonotary to note on the docket the giving of such notice. See n. 2.

judgment containing the dollar amount on June 26, 1975, and served Authority with a "Petition Pursuant to Pa.R.C.P. 3118 for Supplementary Relief to Compel the Defendant to Pay and Satisfy the Final Judgment Entered against it" on July 22, 1975, which stated the dollar amount of the judgment.

We have studied the record and the briefs submitted to this Court in this appeal, as well as the other briefs heretofore filed in this litigation, and find nothing of merit to excuse Authority's inaction for more than seven months after receiving notice of the entry of the judgment, even accepting it failed to receive notice of the decree upon which the judgment was entered.

The decree of the Court of the Common Pleas of April 8, 1976, and the judgment entered in accordance therewith are vacated, and the decree of February 21, 1975, and the judgment entered in accordance therewith are reinstated.

Each party to pay own costs.

POMEROY, J., did not participate in the consideration or decision of this case.