408 A.2d 514

**JOHN M. ROUSE, INC., Appellant,**

v.

**Walter J. LOGAN and Sandra G. Logan, his wife, and Walsan Associates, Inc.**

Superior Court of Pennsylvania.

Argued March 19, 1979.

Filed Aug. 3, 1979.

Reargument Denied Oct. 17, 1979.

Petition for Allowance of Appeal Denied May 12, 1980.

distress less measurable here than such damages are in any other case in which their recovery is routinely allowed.

William McLaughlin, Paoli, for appellant.

Robert J. Shenkin, West Chester, for appellees.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order of the lower court granting appellee Sandra Logan a judgment.

The following facts were established at the trial below. Appellant is in the construction business. Appellee and her husband, Walter, are the owners of a house located at 138

Gypsy Lane, Gulph Mills, Montgomery County. On August 28, 1974, appellant dispatched certain construction equipment to the Logan residence. Appellee's husband was on the scene. He instructed an employee of appellant to build a driveway from Gypsy Lane to the residence and two adjoining houses, to cut back a bank behind the residence and grade off some dirt on the left side. The employee testified that this work took about six hours. There was no testimony as to the cost of the work, although another of appellant's employees testified that the charge per day for the equipment used was $275, plus $60 for delivery. Appellant's employees also testified that they returned the next two days and worked on the houses adjoining appellee's and her husband's residence. Appellee and her husband were subsequently billed for the three day job. When they refused to pay, appellant brought suit and a jury entered a verdict against both of them for $1,761.30, or for the full amount, plus interest. The lower court then issued the order that is the subject of this appeal.

In its opinion accompanying the order, the lower court acknowledged that appellee could be held liable for the work done on her home, but said that

> [t]he evidence revealed that in fact very little of the work was done on the premises owned by the defendants [appellee and her husband]. At trial there was no proof as to the value of the improvements made on the premises owned by the defendants. For that reason only, Judgment N.O.V. should be entered in favor of the wife-defendant.

Slip op. at 3.

Appellant argues that this statement is inaccurate since there was testimony that six hours were spent on property jointly owned by appellee, so that a substantial portion of the $1,761.30 judgment was properly entered against appellee. We need not decide whether the lower court or appellant has viewed the evidence more accurately, since we affirm the lower court on other grounds. *See Gilbert v. Korvette, Inc.*, 457 Pa. 602, 604 n.5, 327 A.2d 94, 96 n.5 (1974).

It is axiomatic that "[i]n considering a motion for judgment n. o. v., the evidence, together with all reasonable inferences capable of being drawn therefrom, must be viewed in the light most favorable to the verdict winner." *Calhoun v. Jersey Shore Hospital,* 250 Pa.Super. 567, 569, 378 A.2d 1294, 1295 (1977); *see also Belas v. Melanovich,* 247 Pa.Super. 313, 372 A.2d 478 (1977). Here, even viewing appellant's case in its most favorable light, there was no evidence that appellee or her husband owned the houses adjoining theirs, and, therefore, no basis for holding appellee liable for the improvements to those properties. With respect to appellee's and her husband's property, appellee could only have been liable if her husband acted as her agent in ordering the work done on it. In *Kennedy v. Erkman,* 389 Pa. 651, 658, 133 A.2d 550, 553 (1957), the Supreme Court said: "There is, however, with respect to entireties property, a well established presumption that during the term of a marriage either spouse has the power to act for both, without specific authorization, so long as the benefits of such action inure to both." In *Roman Mosaic and Tile Co., Inc. v. Vollrath,* 226 Pa.Super. 215, 313 A.2d 305 (1973), we stated that there had to be a showing that a husband exercised his power to act on behalf of his wife, before she could be held liable. There, Paul Vollrath had ordered some work done on a laundromat jointly owned with his wife, Geraldine, but later failed to pay part of the bill. Though there was no evidence linking Geraldine to her husband's actions, the contractor tried to hold her liable. We said: "Geraldine Vollrath would only be liable on the contract if her husband, as her agent or as agent for Vollrath Investments [the fictitious owner of the laundromat], *intended* to act on her account when he executed the contract. *Restatement (Second) of Agency* § 199 (1958). For the same reason, ratification of the contract by Mrs. Vollrath cannot be inferred from any retention of its benefits by her. *McRoberts v. Phelps,* 391 Pa. 591, 138 A.2d 439 (1958); *Restatement (Second) of Agency* § 85" 226 Pa.Super. at 217, 313 A.2d at 306–307. *Roman Mosaic and Tile Co., Inc. v. Vollrath, supra,* controls this case. Here, there was no evidence

that appellee's husband *intended* to act as her agent when he ordered appellant to do the work on their property. Without such a showing, she should not be held liable.

Affirmed.

LIPEZ, J., concurs in the result.