434 A.2d 1236

**BETHLEHEM STEEL CORPORATION,**

v.

**TRI STATE INDUSTRIES, INC., et al.**

**Appeal of Leona P. BOILEAU.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1979.

Filed June 12, 1981.

Reargument Denied Oct. 13, 1981.

Petition for Allowance of Appeal Denied Nov. 30, 1981.

Cletus P. Lyman, Philadelphia, for appellant.

John G. Harkins, Jr., Doylestown, for appellees.

Before SPAETH, CAVANAUGH and O'KICKI,* JJ.

CAVANAUGH, Judge:

Appellant Leona P. Boileau appeals the lower court's order dismissing her petition to strike a consent judgment and dismissing her preliminary objections. She argues that her petition to strike the consent judgment entered against her should have been granted for three reasons: that the judgment was entered without her authority; that the transfer of real estate pursuant to the judgment violates the statute of frauds; and that the complaint does not set forth a cause of action against her. She also contends that her

* Joseph F. O'Kicki, President Judge, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

preliminary objections to the amended complaint should have been sustained.  We affirm.

In January, 1972 the plaintiff began actions in trespass, assumpsit, and equity against various defendants.  Appellant's husband was a defendant in all three actions and the appellant was a defendant in the equity action.  The complaints alleged that appellant's husband had embezzled funds from the plaintiff during the course of his employment.  Appellant's husband hired an attorney to represent him in these matters.  The attorney entered his appearance on behalf of both the appellant and her husband in the equity action.  Around the time these lawsuits were begun the appellant was separating from her husband and was residing in another state.  Settlement discussions were held between the plaintiff and the attorney who had entered his appearance for the appellant and her husband.  As a result of these discussions in June 1972 two judgments were entered against the appellant and her husband.  One judgment awarded damages in favor of the plaintiff and against various defendants jointly and severally, enjoined the defendants from transferring their property to anyone other than plaintiff, adjudged that defendant's property was equitably owned by the plaintiff, that plaintiff had an equitable lien thereon, and that the defendants held the property in a constructive trust for the benefit of the plaintiffs.  The other judgment directed the appellant and her husband to convey their interest in all their real property to the plaintiff.

Appellant did not participate in the discussions which resulted in these judgments.  However, within weeks after the consent judgments were entered, she was informed of the entry of judgment.  At that time she objected to them and told her husband and Mr. O'Hare, the lawyer who had entered his appearance for her, that her husband and Mr. O'Hare did not represent her.

In July, 1972 Mr. O'Hare informed the plaintiff that appellant was unwilling to execute deeds as required by the judgments.  Later in July, 1972 the court held a hearing at

which the court designated the prothonotary to execute the deeds on appellant's behalf pursuant to statute.

In August, 1972 another hearing was held in which Mr. O'Hare informed the court and plaintiff that appellant had objected to the judgments and had stated that he did not represent her. Mr. O'Hare also stated that appellant knew the hearing was scheduled that day and knew the purpose of the hearing was to have the prothonotary execute documents on appellant's behalf. Appellant denies any such knowledge of the hearing. At the hearing the documents which appellant was supposed to execute were executed by the sheriff as ordered by the court.[1]

Nearly six years later, in June, 1978, appellant filed the instant petition to strike off the judgment and later filed preliminary objections. The lower court dismissed the petition to strike and dismissed the preliminary objections and this appeal followed.

Since Pa.R.Civ.P. 1019(b) requires that fraud be alleged with particularity, appellant argues that the consent judgment should be stricken because the amended complaint filed against her did not sufficiently specify the fraudulent acts in which she was alleged to have conspired. For this argument appellant relies on paragraph 4(c) of the amended complaint. Appellant's brief 39. This argument ignores other parts of the complaint such as paragraph 4 and 4(a) which allege specific acts of fraud. R.R. 70a. Thus we agree with the lower court that the amended complaint is sufficiently specific. Lower court opinion 13.

Appellant also argues that the consent judgment should be stricken because of a violation of the statute of frauds. She contends that since consent judgments are like contracts, see discussion *infra*, and since the instant consent judgment, inter alia, directed her to convey real property to the plaintiff, the statute of frauds, 33 P.S. § 1, is applicable. Moreover since there is no writing signed by her or by her agent whose authority is in writing agreeing to the transfer

---

1. Since the Prothonotary was unavailable, the court designated the sheriff to execute the deeds.

of the realty, she asserts that the statute of frauds is violated and the judgment must be stricken. We assume without deciding that the statute of frauds applies to the instant case. Nevertheless the petition to strike the judgment was properly dismissed since it was not filed within a reasonable time after the judgment was entered.

■■■ In Pennsylvania some statutes of frauds make oral agreements in violation thereof void or unenforceable while other statutes of frauds merely constitute declarations of public policy. *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965). Those statutes of frauds which make oral agreements void or unenforceable can be raised by a demurrer in preliminary objections, *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972) (promise to answer for the debt of another); Pa.R.C.P. 1017(b)(4), and can even be raised in a motion for judgment on the pleadings, *Leonard v. Martling*, 378 Pa. 339, 106 A.2d 585 (1954) (same). They constitute limitations on the power of the judiciary to afford a remedy. *Brown v. Hahn, supra,* 419 Pa. at 49–50, 213 A.2d at 345–46. In contrast, those statutes of frauds which merely constitute declarations of public policy can be waived by failing to raise the issue in new matter in a responsive pleading. *Id.; see* Pa.R.C.P. 1030, 1032; 2 Goodrich-Amram 2d § 1032:3. The statute of frauds relating to interests in land, 33 P.S. § 1, is the type which is waivable and constitutes a declaration of public policy. *Id.* The statute of frauds relating to interests in land is, therefore, not the type of statute which renders oral agreements void.

■■■ Since the statute of frauds relating to land does not render oral agreements void, the instant consent judgment is not void, if, as we assume without deciding, the statute of frauds applies. Because violation of the statute of frauds instantly does not make the judgment void and such a defect is not jurisdictional, a motion to strike must be filed within a reasonable time or the defect will be considered waived. *King Athletic Sporting Goods Co. v. Redevelopment Authority*, 481 Pa. 504, 393 A.2d 18 (1978). There the Supreme Court said:

"The general rule is that if a judgment is sought to be stricken off for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time, or the irregularity will be held to be waived."

7 Standard Pennsylvania Practice Ch. 30, § 196 (1961). Accord *Samango v. Hobbs*, 167 Pa.Super. 399, 75 A.2d 17 (1950), quoting *Eastman Kodak Co. v. Osenider*, 127 Pa. Super. 332, 193 A. 284 (1937).

*Id.*, 481 Pa. at 508, 393 A.2d at 20.

Instantly the petition to strike was filed nearly six years after the judgment had been entered, and nearly six years after the appellant knew judgment had been entered.[2] Hence her claim that the judgment should be stricken for violation of the statute of frauds was asserted too late.[3] The third argument appellant asserts is that the judgment should be stricken since it was entered without her authority.

In *Pa. Human Relations Commission v. Ammon K. Graybill, Jr., Inc.*, 482 Pa. 143, 393 A.2d 420 (1978) our Supreme Court discussed the nature of consent decrees:

Although a consent decree does not represent a legal determination by a court or administrative tribunal of the matters in controversy, *Universal Builders Supply, Inc. v. Shaler Highlands Corporation*, 405 Pa. 259, 265, 175 A.2d 58, 61 (1961), it nevertheless has important consequences. A consent decree has a *res judicata* effect, binding the parties with the same force and effect as a final decree rendered after a full hearing upon the merits. *International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates*

**2.** Appellant admits in her affidavit that within weeks of their entry she knew the consent judgment had been entered against her. R.R. 154a.

**3.** The lower court held that if appellant's petition to strike were considered as a petition to open, it would fail since it was not filed within a reasonable time.

*and Pilots of America, Inc.*, 456 Pa. 436, 440, 318 A.2d 918, 921; *Zampetti v. Cavenaugh,* 406 Pa. 259, 265–66, 170 A.2d 906, 909. *See* Annotation, "Res judicata as affected by fact that former judgment was entered by agreement or consent," 2 A.L.R.2d 514, 528 (1948). In the absence of fraud, accident or mistake, a court has neither the power nor the authority to modify or vary the terms of a consent decree. *Universal Builders Supply, Inc., supra* 405 Pa. at 265, 175 A.2d at 61; accord, *Jones Memorial Baptist Church v. Brackeen,* 416 Pa. 599, 603, 207 A.2d 861, 863 (1965), 27 Am.Jur.2d, Equity, § 246 (1966). Nor is such a decree subject to a collateral attack. *International Organization Masters, Mates and Pilots of America, Inc., supra,* 456 Pa. at 441, 318 A.2d at 921, citing *Baran v. Baran,* 166 Pa.Super. 532, 537, 72 A.2d 623, 625 (1950).

Given the conclusive nature of a consent decree, it is imperative that each party to it has willingly and freely assented to its terms. Like any contract, a consent decree requires mutuality of understanding and concerted action by the parties. *Universal Builders Supply, Inc., supra,* 405 Pa. at 265, 175 A.2d at 61. As this Court observed in *Id.,* 482 Pa. at 147–48, 393 A.2d at 422–23.

Moreover, in *Senyshyn v. Karlak,* 450 Pa. 535, 299 A.2d 294 (1973), the court held that an attorney has no authority to enter into a consent decree without the client's knowledge or consent; the court observed that "[t]he very nature of a consent decree requires understanding of or ratification by the respective parties." *Id.,* 450 Pa. at 539, 541, 299 A.2d at 296, 297.

Appellant argues that Attorney O'Hare did not have authority to enter a consent judgment against her. The method by which appellant has raised this issue is significant. Appellant has raised this issue through her petition to strike the judgment; appellant has not filed a petition to open the judgment.

We have recently stated the differences between a petition to strike a judgment and a petition to open a judgment:

■ A petition to strike a judgment is a common law proceeding, *Hamborsky v. Magyar Presbyterian Church*, 78 Pa.Super. 519, 522 (1922), and operates as a demurrer to the record, *Advance Building Services Co. v. F. & M. Schaefer Brewing Co.*, 252 Pa.Super. 579, 582 n.3, 384 A.2d 931, 932 n.3 (1978), *citing, Master Homecraft Co. v. Zimmerman*, 208 Pa.Super. 401, 222 A.2d 440 (1966). Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Cameron v. Great Atlantic and Pacific Tea Co.*, 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969); *Liquid Carbonic Corp. v. Cooper & Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979); *Advance Bldg. Services Co. v. F. & M. Schaefer Brewing Co., supra; Metropolitan Federal Savings & Loan Ass'n of Eastern Pennsylvania v. Bailey*, 244 Pa.Super. 452, 368 A.2d 808 (1976); *Policino v. Ehrlich*, 236 Pa.Super. 19, 345 A.2d 224 (1975).

A petition to open a judgment is an appeal to the court's equitable powers and is a matter for judicial discretion. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Hamborsky v. Magyar Presbyterian Church, supra.* In considering a petition to open a judgment, the court may consider matters dehors the record. *See Matlock v. Lipare*, 243 Pa.Super. 167, 170–71, 364 A.2d 503, 504 (1976). Ordinarily, a petition to open a judgment will not be granted unless three factors coalesce: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense." *McCoy v. Public Acceptance Corp., supra* 451 Pa. at 498, 305 A.2d at 700; *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Liquid Carbonic Corp. v. Cooper & Reese, Inc., supra; Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979); *Queen City Electrical Supply Co., Inc. v. Soltis Elec. Co., Inc.*, 258

Pa.Super. 305, 392 A.2d 806 (1978); *Day v. Wilkie Buick Co.*, 239 Pa.Super. 71, 361 A.2d 823 (1976).

*Kophazy v. Kophazy*, 279 Pa.Super. 373, 375–76, 421 A.2d 246, 247 (1980) (footnote omitted).

Appellant instituted proceedings to challenge the judgment nearly six years after it was entered.

Since a petition to open judgment must be promptly filed, *Kophazy, supra,* appellant has proceeded solely by way of a petition to strike the judgment. However, since a court in ruling on a petition to strike will not consider matters dehors the record, *Kophazy, supra,* appellant argues (1) that the attorney's authority to enter a consent judgment must appear on the record or (2) that evidence of lack of an attorney's authority may be considered even though it is dehors the record.[4]

We assume arguendo that an attorney's authority to have a consent judgment entered against his client must appear on the record, see *International Organization Masters, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America, Inc.*, 456 Pa. 436, 441, 318 A.2d 918, 920 (1974); *Senyshyn v. Karlak*, 450 Pa. 535, 539, 541, 299 A.2d 294 (1973); *Springer v. Springer*, 255 Pa.Super. 35, 386 A.2d 122, 124 (1978), and that therefore appellant's claim is cognizable through a petition to strike. Nevertheless, we must consider whether a court should grant such a petition to strike which is filed nearly six years after the petitioner knew of the entry of the consent judgment.

As we have previously discussed in our analysis of appellant's statute of frauds argument, if an alleged defect is not jurisdictional in nature and merely renders the judgment voidable the application to strike must be made within a reasonable time. *King Athletic Sporting Goods Co. v. Redevelopment Authority*, 481 Pa. 504, 393 A.2d 18, 20 (1978). Here the lower court had jurisdiction of the subject matter

4. For this latter proposition appellant relies on *Mullen v. Slupe*, 360 Pa. 485, 62 A.2d 14 (1948) and *Bryn Mawr National Bank v. James*, 152 Pa. 364, 25 A. 823 (1893).

and had jurisdiction over the parties. Hence the judgment is not void for lack of jurisdiction. In determining whether the judgment is otherwise void we consider the nature of the defect.

The leading case on the subject of an attorney's authority to enter into a consent decree is *Senyshyn v. Karlak*, 450 Pa. 535, 299 A.2d 294 (1973). In *Senyshyn v. Karlak*, the defendants directly appealed from the entry of a consent decree. They asserted that their attorney had no authority to enter into a consent decree. The court stated that the question of authority was one of agency. *Id.*, 450 Pa. at 539, 299 A.2d at 296. It held that an attorney has no authority to enter into a consent decree without the client's knowledge or consent. *Id.*, 450 Pa. at 539, 299 A.2d at 296. Moreover, the court characterized a consent judgment entered without the client's knowledge or consent as one which "will not be binding" and that has "no binding force." *Id.*, 450 Pa. at 539, 542, 299 A.2d at 296, 298. Furthermore, the court indicated that the consent decree could be ratified by the parties. *Id.*, 450 Pa. at 541, 299 A.2d at 296–297. Thus the court did not state whether a consent judgment entered without the client's knowledge or consent is void or voidable.

However, *Senyshyn v. Karlak*, did state that the question of an attorney's authority to enter into a consent decree is a question of agency. We are therefore guided by those cases which involve the question of a partner's authority to execute a warrant of attorney to confess judgment which is binding on the partnership since those cases also involve a question of agency.

In *Sterle v. Galiardi Coal and Coke Co.*, 168 Pa.Super. 254, 77 A.2d 669 (1951), the defendant appealed from the lower court's order refusing to strike a confessed judgment. The defendant argued, inter alia, that the judgment was improperly confessed against the partnership since the warrant of attorney was signed by only one partner and there was no averment that the one partner had authority to execute the warrant of attorney and confess judgment against the partnership. The court acknowledged that one

partner could not execute a warrant of attorney to confess judgment against the partnership unless authorized by the partners or subsequently ratified by them. However, it also stated that such a confessed judgment was voidable, not void. *Id.*, 168 Pa.Super. at 259, 77 A.2d 673; *see Jamestown Banking Co. v. Conneaut L. D. & D. Co.*, 339 Pa. 26, 14 A.2d 325, 327 (1940); *cf. Prestressed Structures, Inc. v. Bargain City, U. S. A., Inc.*, 413 Pa. 262, 196 A.2d 338, 341 (1964) (attack on agent's authority to confess judgment must be through petition to open). Since a confessed judgment entered against a partnership on a warrant of attorney signed by only one partner is voidable even though one partner alone cannot bind the partnership, *Stearle, supra,* we hold that a consent judgment entered into by an attorney is also voidable even though the attorney alone cannot bind a party.[5]

*Bryn Mawr National Bank v. James,* 152 Pa. 364, 25 A. 823 (1893), which appellant cites, is not contrary to our holding that the consent judgment is voidable. In *Bryn Mawr National Bank* judgment was entered against the defendant for failure to file an affidavit of defense. When execution was attempted, the defendant moved to strike the judgment on the grounds that the attorney who had accepted service of the writ and statement was not her attorney, the attorney had never been consulted with respect to the suit and had no authority from the defendant to accept service of the writ and statement. The lower court found that the attorney had no authority and struck the judgment. The Supreme Court affirmed indicating that a judgment entered without authority is no judgment at all. Nowhere in the opinion does the court state that the judgment is void. Moreover

---

**5.** The judgments in the instant case, inter alia, involve title to real estate which was owned by appellant and her husband as tenants by the entireties. Neither party has raised the issue that the husband was acting as the wife's agent. *See generally Kennedy v. Erkman,* 389 Pa. 651, 658, 133 A.2d 550, 553 (1957); *Ripple v. Pittsburgh Outdoor Advertising Corp.,* 280 Pa.Super. 121, 421 A.2d 435 (1980); *John M. Rouse, Inc. v. Logan,* 268 Pa.Super. 376, 408 A.2d 514 (1979); *Roman Mosaic and Tile Co., Inc. v. Vollrath,* 226 Pa.Super. 215, 313 A.2d 305 (1973).

the time between the entry of judgment and the rule to strike was less than five months.[6]  *Cf. Lytle v. Hoover,* 175 Pa. 408, 34 A. 734 (1896) (application to open a default judgment on ground that attorney had no authority to accept service of a summons was denied because of laches). Thus, *Bryn Mawr National Bank* does not require us to reach a different result.[7]

Moreover, we are not persuaded to extend the statement in *Centennial Bank v. Germantown-Stevens Academy,* 277 Pa.Super. 134, 419 A.2d 698 (1980), to consent judgments. In *Centennial Bank* we stated that a judgment confessed against a party who has not authorized it is void.  *Id.,* 277 Pa.Super. at 139, 419 A.2d at 700.  However, because warrants of attorney to confess judgment are subject to a particular scrutiny which is not applicable to consent judgments, we decline to extend such a statement to consent judgments.  For example in *Solebury National Bank of New Hope v. Cairns,* 252 Pa.Super. 45, 380 A.2d 1273 (1977) we said:

> If any doubt exists as to the propriety or effect of a warrant of attorney authorizing confession of judgment, the doubt must be resolved against the party in whose favor the warrant is given.  *See A. B. & F. Contracting Corp. v. Matthews Coal Co.,* 194 Pa.Super. 271, 166 A.2d 317 (1960).  Our Court has recognized that this rule of strict construction may be constitutionally mandated in light of recent due process attacks on cognovit clauses. *See Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa. Super. 315, 294 A.2d 799 (1972); *Citizens National Bank of Evans City v. Rose Hill Cemetery Assoc. of Butler,* 218 Pa.Super. 366, 281 A.2d 73 (1971).[5]  Cf. *Swarb v. Lennox,*

---

**6.**  We conclude this from the paragraph preceding the court's opinion. There the reporter states that the record showed that service of the writ and statement was accepted on November 2, 1891 and on March 10, 1892 the rule to strike off the judgment was made absolute.  *Bryn Mawr National Bank,* supra, 152 Pa. at 365, 25 A. at 823.

**7.**  *Saupp v. Streit,* 258 Pa. 211, 101 A. 939 (1913), also cited by appellant does not mandate a different result.  *Saupp,* which involved a consent judgment, has different facts from the instant case and there is no statement that the judgment there was void.

314 F.Supp. 1091 (E.D.Pa.1970), aff'd, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972).

*Id.*, 252 Pa.Super. at 48, 380 A.2d at 1275.

Finally we note that the drafters of the Restatement (Second) of Judgments, in the Introductory Note to Chapter 2, "Validity of Judgments", Restatement (Second) of Judgments (Tent.Draft No. 5, March 10, 1978), express the view that if a judgment is not valid, it may be avoided not as an automatic consequence, but depending on the nature of the defect, the opportunity of the complaining party to challenge the defect, and on whether there has been reliance on the judgment. *Id.* at 4–5. Judge Spaeth, in a concurring opinion joined by President Judge Cercone and Judge Price, has advocated the adoption of this view of the tentative draft of the Restatement (Second) of Judgments. *Tice v. Nationwide Life Insurance Co.*, 284 Pa.Super. 220, 230, 425 A.2d 782, 787 (1981). Moreover, the concurring opinion in *Tice, supra,* also questions the view, expressed in cases such as *Haverford Township School District v. Herzog*, 314 Pa. 161, 171 A. 455 (1934), and *Romberger v. Romberger*, 290 Pa. 454, 139 A. 159 (1927), that laches does not run against a void judgment. *Tice, supra,* 284 Pa.Super. at 240, 425 A.2d at 791–792.

Under the analysis of the tentative draft of the Restatement (Second) of Judgments the instant consent judgment would not be stricken. The appellant had an opportunity to challenge the judgment for almost six years and in the intervening time at least some of the realty appears to have been transferred to third parties in reliance on the consent judgment.[8] In appellee's new matter to appellant's petition to strike the judgment the appellee alleged that appellant had notice of judicial sales of the realty and appellant did not deny the allegation in her replication to the new matter. R.R. 132a, 134a–36a. Thus it appears that despite the appellant's notice of judicial sales, she did not move to strike the judgment earlier. Therefore,

8. In the court below appellant moved to join as additional parties subsequent transferees of the realty.

if we employed the analysis espoused by the tentative draft of the Restatement (Second) of Judgments, the instant consent judgment would not be stricken even if the judgment were void.

The lower court did not err in dismissing the petition to strike. Moreover, since the petition to strike was properly dismissed, the judgment stands and appellant's preliminary objections to the amended complaint were also properly dismissed.

Order affirmed.