**Sergio CARGITLADA, Appellant,**

v.

**BINKS MANUFACTURING COMPANY a/k/a ITW Industrial Finishing and Binks Sames Corporation Illinois Tool Works, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued May 22, 2003.

Filed Nov. 25, 2003.

Richard C. Senker, Plymouth Meeting, for appellant.

James J. Donohue, Jr., Philadelphia, for Illinois Tool, appellee.

BEFORE: TODD, GRACI, and TAMILIA, JJ.

OPINION BY TODD, J.:

¶ 1 Sergio Cargitlada appeals the November 26, 2002 order of the Philadelphia County Court of Common Pleas granting Appellee ITW Industrial Finishing's ("ITW") motion to strike, and removing ITW as a party to the instant action. Upon review, we reverse and remand.

¶ 2 On May 6, 1997, Appellant was injured while using a commercial spray-paint gun manufactured by Binks Manufacturing Company ("Binks"). His injuries required the amputation of one of his fingers. On August 25, 1999, Appellant filed a products liability action against Binks and Binks Sames Company ("Binks Sames")[1] alleging that the safety switch on the gun had malfunctioned. In its answer and new matter, Binks/Binks Sames indicated, *inter alia,* that both entities are presently

---

1. The complaint alleged that Binks Manufacturing Company changed its name to Binks Sames Corporation on or about June 2, 1997.

known as ITW Industrial Finishing. Counsel for Binks/Binks Sames later prepared and served an amended answer upon Appellant which stated that "part of the assets of Binks Sames, Inc. were purchased by ITW Industrial Furnishing [sic]," and that "the whole liability claims of Binks Sames, Inc., have been assumed by Sames, Inc." (Trial Court Opinion, 1/24/03, at 3.) The amended answer, however, though purportedly served on Appellant, was rejected by the prothonotary because counsel had not obtained leave of court to file an amended answer.

¶ 3 Following a jury trial, Appellant was awarded $150,000 for his injuries. Thereafter, Binks Sames filed for bankruptcy. Appellant filed a motion for a new trial or additur, which was denied by the trial court on October 26, 2001. Appellant also filed a petition for delay damages in the amount of $15,350.21, which was granted. Finally, Appellant sought to correct the caption to read "*Sergio Cargitlada v. Binks Manufacturing Company a/k/a ITW Industrial Finishing and Binks Sames Corporation*" based on Binks/Binks Sames' admission in its answer that the entities were now known as ITW. Appellant's petition to correct the caption, which was unopposed, initially was denied by the trial court on October 26, 2001 on jurisdictional grounds, but subsequently was granted on January 15, 2002. On March 21, 2002, judgment was entered against Binks Manufacturing Company a/k/a ITW in the amount of $165,350.21.

¶ 4 On June 13, 2002, ITW filed a motion to strike the judgment on the basis that it had not been notified of and first became aware of the judgment on May 20, 2002, following the commencement of execution proceedings against one of its distributors. ITW further asserted that the averments contained in the answer cannot be deemed admissions since counsel for Binks/Binks Sames, Gerald J. Cohen, Esquire, never represented ITW. In its response to ITW's motion to strike the judgment, Appellant asserted that ITW's amended answer was a nullity, and that ITW was bound by the admissions made in the initial answer to the complaint that Binks/Binks Sames were now known as ITW. Appellant further argued that the trial court was prohibited from revisiting the issues previously decided under the law of the case doctrine. By order dated November 25, 2002, the trial court granted ITW's motion to strike, vacated its January 15, 2002 order which granted Appellant's motion to amend the caption, and removed ITW as a party. Cargitlada appealed,[2] and presents the following issues for this Court's review:

1. Did the Honorable Trial Court err when it vacated its prior Order permitting Plaintiff to correct the caption and granted Defendant's Motion to Strike Judgment?

2. Did the Honorable Trial Court err when it concluded that Pennsylvania's Successor Liability Law should not apply to this case?

(Appellant's Brief at 3.)

¶ 5 Preliminarily, we note the distinctions between a petition to strike a judgment and a petition to open a judgment. A petition to strike a judgment is a common law proceeding and operates as a demurrer to the record. *Bethlehem Steel Corp. v. Tri State Indus. Inc.*, 290 Pa.Super. 461, 470, 434 A.2d 1236, 1240 (1981). A petition to strike a judgment will not be

---

2. Generally, an order granting a motion to strike a judgment is not appealable as of right. *See* Note to Pa.R.A.P. 311(a)(1). However, as the trial court's order granting ITW's motion to strike appears to be final in that it disposes of all claims of all parties, *see* Pa. R.A.P. 341(a), the instant appeal is not interlocutory.

granted unless a fatal defect in the judgment appears on the face of the record. *Id.* Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Id.*

¶ 6 A petition to open a judgment, on the other hand, is an appeal to the court's equitable powers and is a matter of judicial discretion. *Id.* In considering a petition to open a judgment, the court may consider matters *dehors* the record. *Id.* Therefore, a petition to open a judgment is the proper method of seeking relief from a judgment where the irregularity of the judgment is predicated upon matters outside of the record. *In re Estate of McCauley,* 478 Pa. 83, 87, 385 A.2d 1324, 1326 (1978).

¶ 7 In its opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court concluded that ITW did not oppose Appellant's initial petition to correct the caption because it never received a copy of the petition. Referring to ITW's motion to strike, the trial court also explained:

ITW strenuously denied that [the statement that Binks/Binks Sames were now known as ITW] was an admission, as Mr. Cohen: (1) did not represent ITW at the time he provided the "misstatement" in Binks' Answer to Plaintiff's Complaint; (2) had not been retained by ITW; (3) was not paid by ITW; and (4) did not communicate in any manner with ITW about any phase of this matter. In further support of these assertions, ITW provided the sworn Affidavit of Gerald J. Cohen, Esq., which confirmed the same. Re-assessing this issue in view of the new information which was subsequently made known to this Court by ITW, this Court found that judgment against ITW was defective on its face.

(Trial Court Opinion, 1/24/03, at 6–7 (citation omitted).) The trial court further opined:

In the instant matter, amendment should not have been permitted, as said amendment did in fact bring a new and distinct party into the action after the statute of limitations had run. Moreover, [Appellant's] error in not naming ITW at a much earlier stage of the proceedings, was not the result of any deception on the part of ITW. As a result of these errors by both counsel and this Court, ITW suffered not only surprise, but most importantly, prejudice.

(*Id.* at 7–8 (citations omitted).)

¶ 8 As noted above, however, a petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record, and in granting a petition to strike a judgment, a court may not consider matters which are *dehors* the record. In the instant case, the new information which the trial court relied on in granting ITW's petition to strike was outside the original record. Accordingly, the trial court improperly relied on this information as its basis for striking the judgment.

¶ 9 The proper procedure for obtaining relief from the judgment against ITW was a petition to open the judgment. Although in certain cases a court may treat a petition to strike a judgment as though it were a petition to open a judgment, *see McCauley,* 478 Pa. at 87–88, 385 A.2d at 1326, there is no express indication that the trial court did so in the instant case. Nevertheless, where there are facts outside of the record that constitute grounds for a petition to open, this Court may remand the matter to the trial court for consideration of a petition to strike as a petition to open. *See Whatley v. Baynard,* 437 Pa. 498, 499, 264 A.2d 721, 722 (1970).

¶10 Accordingly, for the foregoing reasons, we hold that the trial court erred in granting ITW's motion to strike the judgment, and, therefore, reverse the trial court's order. However, given the allegation of facts outside of the record which arguably could support a petition to open, we remand this case for further proceedings and for consideration by the trial court of the merits of ITW's petition to be viewed as a petition to open the judgment.

¶11 Order **REVERSED.** Case **RE-MANDED.** Jurisdiction **RELIN-QUISHED.**