J-A03025-16

2016 PA Super 82

| GENERATION MORTGAGE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BUNG THI NGUYEN | |
| Appellant | No. 1069 EDA 2015 |

Appeal from the Order Dated April 6, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): APRIL TERM, 2013, NO. 1497

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

OPINION BY MUNDY, J.:                                    **FILED APRIL 11, 2016**

Appellant, Bung Thi Nguyen, appeals from the order dated April 6, 2015, denying her motion for attorney's fees filed after Appellee, Generation Mortgage Company, discontinued its action for mortgage foreclosure.  After careful review, we affirm.

The trial court provided the relevant procedural history of this case as follows.

> This case commenced April 10, 2013, with the filing of a complaint in mortgage foreclosure on the premises of 6347 Kinsessing Avenue, Philadelphia, Pennsylvania 19142 by Appellee[].  The complaint averred that Appellant was in default on a mortgage[.]
>
> On May 10, 2013, Appellant filed a praecipe to proceed *in forma pauperis*.
>
> On May 17, 2013, Appellant filed an answer with new matter in response to the complaint,

raising four (4) affirmative defenses: (1) lack of subject matter jurisdiction due to premature commencement of the mortgage foreclosure action under the terms of the contract; (2) lack of subject matter jurisdiction due to premature commencement of the mortgage foreclosure action under Pennsylvania's Usury Law (Act 6 of 1974), 41 P.S. §[§] 101[-605] ("Act 6"); (3) lack of standing because Appellee is not a real party in interest; and (4) breach of contract.

On June 19, 2013, Appellee filed its reply to new matter, denying Appellant's averments and each of Appellant's affirmative defenses.

On August 21, 2013, Appellee filed a motion for summary judgment, arguing that the matter was ripe for disposition by way of summary judgment because neither Appellant's answer to the complaint, nor her new matter created a genuine issue of material fact. Specifically, Appellee argued that summary judgment was appropriate because Appellant admitted in her answer to the complaint that she is the real owner of the subject property and that she executed the mortgage, which was secured by the subject property, to Appellee, and she did not deny that she failed to maintain taxes and insurance on the property or that the mortgage was in default. Consequently, Appellee was permitted under the terms of the signed documents to accelerate all amounts due.

On September 23, 2013, Appellant filed an answer in opposition to the motion for summary judgment, denying Appellee's averments in its motion for summary judgment because there are genuine issues of material facts. Appellant raised three (3) main arguments in opposition to summary judgment. Appellant argued that the foreclosure action should be dismissed: (1) pursuant to the coordinate doctrine rule; (2) for lack of subject matter jurisdiction; and (3) because Appellee has not proven whether Appellant is in default under the loan documents.

On October 15, 2013, Appellee filed a reply in support of motion for summary judgment, arguing that Act 6 does not apply to this matter because the mortgage is a reverse mortgage, not a residential mortgage under Act 6. Appellee also argued that even if the pre-foreclosure notice it provided to Appellant was deficient, [the trial court] retains subject matter jurisdiction over the case.

On October 22, 2013, [the trial court] denied Appellee's motion for summary judgment.

On March 31, 2014, Appellee filed a second motion for summary judgment, arguing that the matter was ripe for disposition by way of summary judgment because neither Appellant's answer to the complaint, nor her new matter created a genuine issue of material fact. [Appellee asserted the same basis for summary judgment contained in its first motion for summary judgment, discussed above.]

On May 1, 2014, Appellant filed her answer in opposition to Appellee's second motion for summary judgment[.] [Appellant's arguments were identical to those contained in her answer to the first motion for summary judgment.]

…

On May 17, 2014, [the trial court] entered an order denying Appellee's second motion for summary judgment as premature.

On January 7, 2015, the parties completed a settlement conference.

On January 15, 2015, Appellee filed a praecipe to discontinue and end, directing the prothonotary to withdraw Appellee's complaint and mark same as discontinued and ended, without prejudice.

On January 20, 2015, the case was discontinued.

- 3 -

On February 18, 2015, Appellant timely filed the instant motion [for] counsel fees with [an] accompanying declaration from Appellant's counsel, arguing that as a result of the discontinuance, Appellant became the "prevailing party" in the matter under Pennsylvania law and, was therefore entitled to payment of reasonable attorneys' fees and costs by Appellee pursuant to § 503 of Act 6.

On March 10, 2015, Appellee filed its answer in opposition of motion for counsel fees, arguing that a discontinuance does not terminate the civil action with an adjudication on the merits, which, in turn, cannot result in a "prevailing party" who would be entitled to recovery of attorney fees under the applicable statutes.

On April 6, 2015, [the trial court] denied Appellant's motion for counsel fees.

Trial Court Opinion, 7/6/15, 1-4 (some capitalization and citations omitted).

On April 8, 2015, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issues for our review.

  I.   Did the [trial] court commit an error of law in determining that it had no jurisdiction to act on [Appellant's] timely fee motion, as required by *Miller Electric Co. v. DeWeese*[, 907 A.2d 1051 (Pa. 2006), *amended by*, 918 A.2d 114 (Pa. 2007) (mem.)], because [Appellee] discontinued the action prior to the fee motion being filed?

  II.  Did the [trial] court abuse its discretion in failing to determine whether a violation of § 403 of [Act 6] occurred when no [Act 6]

---

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 4 -

notice [of intention to foreclose] was sent prior to foreclosure on a "residential mortgage" as defined by § 101 of [Act 6]?

III. Did the [trial] court abuse its discretion in failing to award mandatory counsel fees because it determined that [A]ppellant was not the "prevailing party" under § 503 of [Act 6] despite this Court's interpretation of § 503 in *Gardner v. Clark*[, 503 A.2d 8 (Pa. Super. 1986)]?

Appellant's Brief at 2.

We review a trial court's decision regarding attorney's fees as follows.

Trial courts have great latitude and discretion in awarding attorney fees when authorized by contract or statute. Generally, [t]he denial of a request for attorney's fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of that discretion.

*Cummins v. Atlas R.R. Const. Co.*, 814 A.2d 742, 746 (Pa. Super. 2002) (citations and internal quotation marks omitted).

Further, to the extent that we must interpret a statute to resolve Appellant's issues, our standard of review is *de novo* and our scope of review is plenary. *Gilbert v. Synagro Cent., LLC*, 131 A.3d 1, 10 (Pa. 2015) (citation omitted). We construe the meaning of a statute according to the Statutory Construction Act, 1 Pa.C.S.A. §§ 1501-1991.

Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit.

***Strausser Enters., Inc. v. Segal & Morel, Inc.***, 89 A.3d 292, 297 (Pa. Super. 2014) (citation omitted).

Appellant's first argument is that the trial court erred in concluding that it was without jurisdiction to act on Appellant's timely motion for attorney's fees. Appellant's Brief at 8. However, the trial court did not find that it lacked jurisdiction to address the attorney's fees issue. Instead, the trial court denied the motion on its merits "because the case had been discontinued and [] Appellant was not a 'prevailing party.'" Trial Court Opinion, 7/6/15, at 8. Accordingly, Appellant's first argument mischaracterizes the trial court's reasoning and is therefore meritless.

Next, Appellant contends that the trial court erred because it did not determine whether Appellee violated Section 403 of Act 6[2] by purportedly

_____

[2] 41 P.S. §§ 101-605 is commonly referred to as Act 6 because it was enacted as the "Act of January 30, 1974 (P.L. 13, No. 6)." It is alternatively referred to as the loan interest and protection law or the usury law.

> The preamble to Act 6 describes it as follows:
>
> An Act regulating agreements for the loan or use of money; establishing a maximum lawful interest rate in the Commonwealth; providing for a legal rate of interest; detailing exceptions to the maximum lawful interest rate for residential mortgages and for any loans in the principal amount of more than fifty thousand dollars and federally insured or guaranteed loans and unsecured, uncollateralized loans in excess of thirty-five thousand dollars and business loans in excess of ten thousand dollars; providing protections to debtors to whom loans are made including the provision for disclosure of facts

*(Footnote Continued Next Page)*

failing to provide the requisite notice of its intention to foreclose. Appellant's Brief at 13. Appellant asserts "this refusal to consider the merits of [Appellant's] [Act 6] defense was a manifest error." *Id.* However, Appellee discontinued the action before the trial court decided the merits of Appellant's Act 6 defense. Once the case was discontinued, it was no longer pending before the trial court. *See Motley Crew, LLC v. Bonner Chevrolet Co., Inc.*, 93 A.3d 474, 476 (Pa. Super. 2014) (explaining "[t]he general effect of a discontinuance is to terminate the action without an adjudication of the merits and to place the [parties] in the same position as if the action had never been instituted[]"), *appeal denied*, 104 A.3d 526 (Pa. 2014). Consequently, the discontinuance rendered Appellant's Act 6 defense moot. *Id.* (noting that a discontinuance deprives the court of jurisdiction to reach the underlying merits of the case). Accordingly, the trial court did not

_____
*(Footnote Continued)*

> relevant to the making of residential mortgages, providing for notice of intention to foreclose and establishment of a right to cure defaults on residential mortgage obligations, provision for the payment of attorney's fees with regard to residential mortgage obligations and providing for certain interest rates by banks and bank and trust companies; clarifying the substantive law on the filing of an execution on a confessed judgment; prohibiting waiver of provisions of this act, specifying powers and duties of the secretary of banking, and establishing remedies and providing penalties for violations of this act.

*Glover v. Udren Law Offices, P.C.*, 92 A.3d 24, 26 n.2 (Pa. Super. 2014), *quoting* Act of Jan. 30, 1974, P.L. 13, No. 6., *appeal granted*, 108 A.3d 28 (Pa. 2015).

err in not resolving the merits of Appellant's Act 6 defense, and Appellant's second issue on appeal does not warrant relief. *Id.*

In her third issue, Appellant claims that the trial court erred by denying her motion for attorney's fees. Our Supreme Court has explained "Pennsylvania law embodies the American rule, per which there can be no recovery of attorneys' fees from an adverse party in litigation, absent express statutory authorization, clear agreement by the parties, or some other established exception." ***Doctor's Choice Physical Med. & Rehab. Ctr., P.C. v. Travelers Pers. Ins. Co.***, 128 A.3d 1183, 1189 (Pa. 2015) (citation omitted). Appellant cites Section 503 of Act 6 as a statutory basis for attorney's fees and asserts she was the "prevailing party" due to the discontinuance. Appellant's Brief at 23. Section 503 provides as follows.

### § 503. Reasonable attorney's fees recoverable

(a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action **arising under this act**, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.

41 P.S. § 503(a) (emphasis added). Appellant contends that she is entitled to attorney's fees because Appellee allegedly did not provide the notice mandated by Section 403 before commencing the foreclosure action, and

she prevailed when Appellee voluntarily discontinued the case.[3]  Appellant's

Brief at 23.  Section 403 provides, in part, as follows.

### § 403. Notice of intention to foreclose

(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

41 P.S. § 403(a).

Here, Appellant is not entitled to attorney's fees under the plain

language of Section 503 because a mortgage foreclosure action does not

arise under Act 6.[4]  Instead, Pennsylvania Rules of Civil Procedure 1141-

---

[3] The certified record includes two letters Appellee sent to Appellant, providing notice that she was in default and advising of its intention to foreclose.  The first was a "property charge delinquency letter," which stated the nature of the default, the right of Appellant to cure the default within 30 days, and that failure to comply would result in Appellee declaring the loan due and payable and would entitle Appellee to foreclosure.  **See** Complaint, 4/10/13, at Exhibit E, Property Charge Delinquency Letter, 10/7/11, at 1. The second was a November 30, 2012 letter providing notice that Appellee intended to foreclose because Appellant was still in default.  **See id.** at Exhibit F, Notice of Default Intent to Foreclose, at 1.  Appellee sent both letters before filing the foreclosure complaint on April 10, 2013.

[4] To the extent that our reasoning differs from that of the trial court, we note that "[a]s an appellate court, we may uphold a decision of the trial court if there is any proper basis for the result reached; thus we are not constrained to affirm on the grounds relied upon by the trial court." **In re**
*(Footnote Continued Next Page)*

1150 govern mortgage foreclosure actions.  Act 6 notice is a prerequisite to commencing a residential mortgage foreclosure action.  ***Wells Fargo Bank, N.A. v. Spivak***, 104 A.3d 7, 12 (Pa. Super. 2014) (citation omitted).  "In the residential mortgage context, Act 6 is typically raised as a defense to mortgage foreclosure proceedings."  ***Id.*** (citation omitted).  "Section 403 simply puts the residential homeowner on notice that the delinquent mortgage is subject to foreclosure at some future date unless the owner takes some action.  It is not a foreclosure action[.]"  ***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 72 (Pa. Super. 2016).  "Remedies for a defective Act 6 notice include setting aside the foreclosure or denying a creditor the ability to collect an impermissible fee."  ***Spivak***, ***supra*** (citations omitted).

Here, even accepting Appellant's argument that she prevailed in the foreclosure action by virtue of the voluntary discontinuance, she is not entitled to recover attorney's fees under Section 503 because a mortgage foreclosure action does not arise under Act 6.[5]  Instead, a lender must give Act 6 notice prior to filing a residential mortgage foreclosure complaint.  Therefore, even if Appellant has the status of a prevailing party in the foreclosure action, that does not mean she succeeded on her Act 6 defense

*(Footnote Continued)* ———————

***Estate of Strahsmeier***, 54 A.3d 359, 364 n.17 (Pa. Super. 2012) (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

[5] Section 504 provides for an individual action for "[a]ny person affected by a violation of the act[.]"  41 P.S. § 504.

because an Act 6 notice is separate from the foreclosure action.[6] ***See Spivak***, ***supra***; ***Barbezat***, ***supra***. Moreover, there is no statutory provision that authorizes the award of attorney's fees to a residential mortgagor who successfully defends a mortgage foreclosure action, and there was not a clause in the mortgage or note allowing Appellant to pursue attorney's fees. ***See Doctor's Choice***, ***supra***. For these reasons, Appellant is not entitled to relief on this issue.

Based on the foregoing, we conclude Appellant's issues do not warrant relief, and the trial court did not abuse its discretion in denying Appellant's

---

[6] Appellant relies on ***Gardner*** to support the argument that a discontinuance is the equivalent to prevailing on the merits. However, ***Gardner*** is distinguishable because that case involved an action to enforce a confessed judgment, which arose under Section 407(a) of Act 6. ***Gardner***, ***supra*** at 9 (affirming attorney's fees award when mortgagee discontinued its action to enforce a confessed judgment against mortgagor's residence brought under Section 407(a) of Act 6). As we have explained above, the cause of action for mortgage foreclosure does not arise under Act 6.

Additionally, the remaining cases Appellant cites are distinguishable because they involve debtors who prevailed on the merits of their defenses to prevent lenders from executing on confessed judgments. ***See Beckett v. Laux***, 577 A.2d 1341, 1347-1348 (Pa. Super. 1990) (concluding that debtor prevailed in stay of execution action because lender did not comply with Section 407(a) of Act 6 before executing on confessed judgment); ***First Nat'l Bank of Allentown v. Koneski***, 573 A.2d 591, 595 (Pa. Super. 1990) (declaring that debtors who succeeded on their petition to open judgment and prevented lender from executing on a confessed judgment were entitled to attorney's fees as prevailing party); ***Drum v. Leta***, 512 A.2d 36, 36 (Pa. Super. 1986) (holding debtor who succeeded in striking a confession of judgment is entitled to attorney's fees under Section 407(b)).

motion for attorney's fees.  ***See Cummins***, ***supra***.  Accordingly, we affirm the trial court's April 6, 2015 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2016