J-S11028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| REVERSE MORTGAGE SOLUTIONS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BOLESLAW AND RITA PSUT | |
| Appellants | No. 2081 EDA 2015 |

Appeal from the Order Entered May 27, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 4081 January Term 2012

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 06, 2016**

Boleslaw and Rita Psut ("the Psuts") appeal from the order entered May 27, 2015, in the Court of Common Pleas of Philadelphia, denying their motion for counsel fees filed after the mortgage foreclosure action brought by Reverse Mortgage Solutions, Inc. ("RMS") was ordered discontinued by the court. Based upon the following, we affirm.

The trial court has summarized the background of this case, as follows:

> This case commenced January 31, 2012, with the filing of a Complaint by Appellee Reverse Mortgage Solutions in mortgage foreclosure against the premises of 3272 Webb Street, Philadelphia, Pennsylvania, 19134. The Complaint averred that [the Psuts] were in default on the mortgage[.]
>
> On May 8, 2012, [the Psuts] filed a Praecipe to Proceed *In Forma Pauperis*.
>
> On May 10, 2012, [the Psuts] filed an Answer to the Complaint,

denying [RMS's] averments[,] and New Matter[] and Affirmative Defenses, namely lack of subject matter jurisdiction; lack of standing; and lack of subject matter jurisdiction under Act 6 of 1974 [41 P.S. § 101 *et seq.*[1]].

On May 30, 2012, [RMS] filed a Reply to [the Psuts'] New Matter, denying their averments.

On October 6, 2014, [RMS] filed a Motion for Summary Judgment, averring that [the Psuts] had not raised any issues of material fact in their Answer and New Matter.

On November 6, 2014, [the Psuts] filed an Answer in Opposition to [RMS's] Motion for Summary Judgment.

On December 12, 2014, this Court denied [RMS's] Motion for Summary Judgment.

On March 17, 2015, a discontinuance was ordered and the case was discontinued. *See* Court of Common Pleas, Trial Division, Civil Trial Worksheet Order.

On April 16, 2015, [the Psuts] filed a Motion for Counsel Fees.

On April 29, 2015, [RMS] filed an Answer in Opposition to [the Psuts'] Motion for Counsel Fees.

On May 26, 2015, this court denied [the Psut's] Motion.

[On May 27, 2015, Rule 236 notice was given of the order entered May 26, 2015.]

Trial Court Opinion, 8/7/2015, at 1–2.

---

[1] 41 P.S. §§ 101–605 is commonly referred to as Act 6 because it was enacted as the "Act of January 30, 1974 (P.L., No. 6)." It is also referred to as the Loan Interest and Protection Law ("LIPL") or the usury law.

On June 26, 2015, the Psuts filed this appeal.[2] The trial court, in support of its decision, opined that the Psuts' claim for counsel fees pursuant to 41 P.S. § 503 ("Reasonable attorney's fees recoverable") was denied because they were not a "prevailing party" per the statute where the case was ended by a discontinuance prior to trial. **See** Trial Court Opinion, **supra**, at 3–4.

The Psuts raise two questions, which we have reordered as follows:

Did the trial court abuse its discretion in determining RMS can avoid § 503 liability for its [Act 6] violations through discontinuance because discontinuance leaves a court with no jurisdiction to act on the Psuts' fee motion as required by **Miller Electric Company v. DeWeese**, [907 A.2d 1051 (Pa. 2006), *amended by*, 918 A.2d 114 (Pa. 2007)].

Did the trial court commit an abuse of discretion in determining the Psuts were not the "prevailing party" under § 503 of [Act 6], and as required by **Gardner v. Clark**, [503 A.2d 8 (Pa. Super. 1986)], where the trial court made specific findings supporting the Psuts' [Act 6] defense prior to dismissing RMS' action without prejudice?

*See* The Psuts' Brief at 3.

These same arguments were raised and rejected by a panel of this Court in **Generation Mortgage v. Nguyen**, ___ A.3d ___, 2016 PA Super 82, 2016 Pa. Super. LEXIS 219 (Pa. Super. April 11, 2016). Like the Psuts in this case, the appellant-debtor in **Generation Mortgage** claimed that she

---

[2] The Psuts timely complied with the order of the trial court to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

was entitled to counsel fees under 41 P.S. § 503 because she raised an Act 6 notice violation and prevailed when the lender discontinued its action for mortgage foreclosure. In light of **Generation Mortgage**, no relief is warranted herein.

The Psuts' first contention, that the trial court erred in refusing to exercise jurisdiction over their fee motion, mirrors the argument presented in **Generation Mortgage**. This Court reasoned:

> Appellant's first argument is that the trial court erred in concluding that it was without jurisdiction to act on Appellant's timely motion for attorney's fees. … However, the trial court did not find that it lacked jurisdiction to address the attorney's fees issue. Instead, the trial court denied the motion on its merits "because the case had been discontinued and [] Appellant was not a 'prevailing party.'" … Accordingly, Appellant's first argument mischaracterizes the trial court's reasoning and is therefore meritless.

**Generation Mortgage,** 2016 PA Super 82, 2016 Pa. Super. LEXIS 219 at *6–7. Here, too, the trial court denied the Psuts' motion on the merits. **See** Trial Court Opinion, 8/7/2015, at 3–4. Therefore, the same analysis applies, and the Psuts' first argument warrants no relief.

Likewise, the second issue raised in this appeal echoes the argument presented in **Generation Mortgage**. The Psuts claim they are entitled to Section 503 counsel fees as the "prevailing party" because they contended RMS violated the pre-foreclosure notice requirements of § 403 of Act 6, and the case ended in a discontinuance. Applying **Generation Mortgage**, this argument fails.

The ***Generation Mortgage*** Court found that because the case was discontinued, it was no longer pending before the court and, consequently, the appellant-debtor's Act 6 defense was rendered moot. ***Id.***, 2016 PA Super 82, 2016 Pa. Super. LEXIS 219 at *7–8. Further, the ***Generation Mortgage*** Court held that the appellant was not entitled to attorney's fees under the plain language of Section 503 because a mortgage foreclosure action does not arise under Act 6. This Court explained:

> Our Supreme Court has explained "Pennsylvania law embodies the American rule, per which there can be no recovery of attorneys' fees from an adverse party in litigation, absent express statutory authorization, clear agreement by the parties, or some other established exception." ***Doctor's Choice Physical Med. & Rehab. Ctr., P.C. v. Travelers Pers. Ins. Co.***, 128 A.3d 1183, 1189 (Pa. 2015). Appellant cites Section 503 of Act 6 as a statutory basis for attorney's fees and asserts she was the "prevailing party" due to the discontinuance. Appellant's Brief at 23. Section 503 provides as follows.
>
> **§ 503. Reasonable attorney's fees recoverable**
>
> (a) If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action **arising under this act**, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.
>
> 41 P.S. § 503(a) (emphasis added). Appellant contends that she is entitled to attorney's fees because Appellee allegedly did not provide the notice mandated by Section 403 before commencing the foreclosure action, and she prevailed when Appellee voluntarily discontinued the case. Appellant's Brief at 23. Section 403 provides, in part, as follows.
>
> **§ 403. Notice of intention to foreclose**

(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

41 P.S. § 403(a).

Here, Appellant is not entitled to attorney's fees under the plain language of Section 503 because a mortgage foreclosure action does not arise under Act 6. Instead, Pennsylvania Rules of Civil Procedure 1141-1150 govern mortgage foreclosure actions. Act 6 notice is a prerequisite to commencing a residential mortgage foreclosure action. *Wells Fargo Bank, N.A. v Spivak*, 104 A. 3d 7, 12 (Pa. Super. 2014) (citation omitted). "In the residential mortgage context, Act 6 is typically raised as a defense to mortgage foreclosure proceedings." *Id.* (citation omitted). "Section 403 simply puts the residential homeowner on notice that the delinquent mortgage is subject to foreclosure at some future date unless the owner takes some action. It is not a foreclosure action[.]" *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 72 (Pa. Super. 2016). "Remedies for a defective Act 6 notice include setting aside the foreclosure or denying a creditor the ability to collect an impermissible fee." *Spivak, supra* (citations omitted).

Here, even accepting Appellant's argument that she prevailed in the foreclosure action by virtue of the voluntary discontinuance, she is not entitled to recover attorney's fees under Section 503 because a mortgage foreclosure action does not arise under Act 6. Instead, a lender must give Act 6 notice prior to filing a residential mortgage foreclosure complaint. Therefore, even if Appellant has the status of a prevailing party in the foreclosure action, that does not mean she succeeded on her Act 6 defense because an Act 6 notice is separate from the foreclosure action. *See Spivak, supra; Barbezat, supra.* Moreover, there is no statutory provision that authorizes the award of attorney's fees to a residential mortgagor who successfully defends a mortgage foreclosure action, and there was not a clause in the mortgage or

note allowing Appellant to pursue attorney's fees. ***See Doctor's Choice, supra.*** For these reasons, Appellant is not entitled to relief on this issue.

***Generation Mortgage,*** 2016 PA Super 82, 2016 Pa. Super. LEXIS 219 at *9–14.  (footnotes omitted).  Therefore, the Psuts' claim for counsel fees pursuant to Section 503 of Act 6 in this case necessarily fails.

In sum, we conclude the issues raised herein identically align with those raised in ***Generation Mortgage***, and, as such, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2016