J-A17042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| BAYVIEW LOAN SERVICING LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RODGER LINDSAY | |
| Appellant | No. 2364 EDA 2015 |

Appeal from the Order Entered July 9, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130501170

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 27, 2016**

Appellant, Rodger Lindsay, appeals from the order entered in the Philadelphia County Court of Common Pleas that dismissed his application for an award of statutory attorney's fees and costs under the Loan Interest and Protection Law ("Act 6").[1]  We affirm.

The relevant facts of this appeal are as follows.  On February 17, 2006, Appellant and his wife, Kelley Lindsay obtained a mortgage loan for $75,000.00 through Equity One, Inc. d/b/a Popular Financial Services ("Equity One").  Appellant and his wife then purchased, on the same day, a two-unit property located at 2115 East Chelten Avenue, Philadelphia, PA

_____

[1] 41 P.S. § 503.  The LIPL is alternatively referred to as the usury law or Act 6.

_____

*Retired Senior Judge assigned to the Superior Court.

19138 ("property"). The lower portion of the property was a storefront commercial unit; above that was a residential apartment unit. The loan application indicated that the property was intended as an investment and was not the primary or secondary residence of Appellant and/or his wife. Likewise, Appellant and his wife signed an affidavit of occupancy on February 17, 2006, stating they would not use the property as a primary or secondary residence. That same day, Appellant and his wife executed and delivered a note for $75,000.00 to Equity One. The note dealt with the loan for the subject property and further secured the mortgage obligations. Appellant and his wife agreed to various riders to the note, which altered the mortgage document by removing certain clauses. One of the modifications included a rent rider stipulating the property was not the couple's primary place of residence. The rent rider expressly required any change of occupancy to be in writing and authorized by Equity One before any change ensued. On April 29, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS"), as a nominee for Equity One, assigned the mortgage rights to Appellee, Bayview Loan Servicing, LLC ("Bayview").

Sometime after Appellant and his wife purchased the property, Appellant began to use it as his primary residence. No evidence in the record indicates that Appellant submitted the occupancy modification in writing to Bayview or that Bayview allowed the change. Appellant failed to make the monthly mortgage payment for December 1, 2012, and Bayview

received no payments in the ensuing months.

In its opinion, the trial court fully and correctly set forth the procedural history of the case:

> On May 14, 2013, [Bayview] filed a Complaint in mortgage foreclosure related to the [property]. Bayview subsequently filed an Amended Complaint on April 21, 2014. On May 12, 2014, [Appellant] filed an Answer with New Matter, to which Bayview filed a Reply. On February 2, 2015, Bayview filed a Motion for Summary Judgment, which [Appellant] opposed, and [the trial court] scheduled a hearing for April 22, 2015. At the conclusion of the hearing on April 22, 2015, [the trial court] denied Bayview's Motion for Summary Judgment and on April 29, 2015, Bayview filed a *Praecipe* to Settle, Discontinue, and End the matter.[2] On May 29, 2015, [Appellant] filed a Motion for an Award of Statutory Attorney's Fees and Costs, to which Bayview filed a response on June 22, 2015. On July 9, 2015, [the trial court] docketed an Order denying [Appellant's] motion. On July 23, 2015, [Appellant] filed a Notice of Appeal to the Superior Court and on August 4, 2015, was served an Order directing him to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 17, 2015, [Appellant] filed a timely [Rule 1925(b) statement].

(Trial Court Opinion, filed December 9, 2015, at 1-2).

Appellant raises the following issue on appeal:

> DID THE [TRIAL] COURT [ERR] AS A MATTER OF LAW IN DETERMINING THAT [APPELLANT] WAS NOT THE "PREVAILING PARTY" AND THEREFORE NOT ENTITLED TO ATTORNEY['S] FEES UNDER [SECTION] 503(A) OF THE LIPL [LOAN INTEREST AND PROTECTION LAW] AND AS REQUIRED BY ***GARDNER V. CLARK***, WHERE PLAINTIFF DISCONTINUED ITS ACTION, THUS GRANTING

---

[2] In other words, Bayview voluntarily discontinued the foreclosure action without prejudice.

[APPELLANT] "SUBSTANTIALLY THE RELIEF SOUGHT?"

(Appellant's Brief at 3).

Appellant argues he is entitled to an award of attorney's fees, because Bayview failed to adhere to its mandated pre-foreclosure obligations. Appellant insists the mortgage at issue was residential and not commercial. Appellant avers he should have received notice of Bayview's intention to foreclose prior to the filing of the foreclosure action. Appellant maintains that Bayview acknowledged it had failed to provide the necessary notification. Appellant asserts the court further justified Appellant's claim for attorney's fees when it denied Bayview's motion for summary judgment because there was a question of material fact regarding Appellant's right to pre-foreclosure notice under Act 6.

Appellant submits the court failed to consider the relevant case law defining him a "prevailing party" for purposes of Section 503 attorney's fees, where he essentially obtained the relief he requested when Bayview withdrew its foreclosure action. Appellant claims the frequent and longstanding use of the concept of "prevailing party" has become an essential part of interpreting the statutes governing pre-foreclosure proceedings. Appellant also contends that the possibility of a future foreclosure action does not deny him status as a "prevailing party" in this foreclosure case, because there is no difference between a court's dismissal of a foreclosure action and a plaintiff's voluntary discontinuance of a

foreclosure action; either scenario concludes the action in favor of the defendant. Appellant submits the court should have awarded him attorney's fees under section 503 when Bayview withdrew its foreclosure action, regardless of Bayview's ability to file another foreclosure action against Appellant, because Appellant substantially obtained the relief he was after and became the "prevailing party" in the present foreclosure action.

Appellant claims the court ignored the legal precedent awarding attorney's fees in cases involving judgments of confessions. Appellant urges there is no logical difference between Appellant's case and those cases involving confessed judgments, and the court provided no clarification on the supposed distinction. Appellant concludes he is eligible for attorney's fees as the prevailing party under Section 503 of Act 6, and the trial court erred when it denied his request. We disagree.

Initially we observe:

> Trial courts have great latitude and discretion in awarding attorney fees when authorized by contract or statute. Generally, [t]he denial of a request for attorney's fees is a matter within the sound discretion of the trial court, which will be reversed on appeal only for a clear abuse of that discretion.

> Further, to the extent that we must interpret a statute to resolve Appellant's issues, our standard of review is *de novo* and our scope of review is plenary. We construe the meaning of a statute according to the Statutory Construction Act, 1 Pa.C.S.A. §§ 1501–1991.

> Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. When

the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit.

***Generation Mortg. Co. v. Nguyen***, ___ A.3d ___, 2016 PA Super 82 *3 (filed April 11, 2016) (internal citations omitted). We further observe: "Pennsylvania generally adheres to the American Rule, under which a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." ***Samuel-Bassett v. Kia Motors America, Inc.***, 613 Pa. 371, 464, 34 A.3d 1, 57 (2011). Pennsylvania courts can award counsel fees to a party who "prevails" in an action but only "when authorized by statute or rule of court, upon agreement of the parties, or pursuant to some other recognized case law exception." ***Olympus Corp. v. Canady***, 962 A.2d 671, 677 (Pa.Super. 2008).

The statute commonly known as Act 6, at 41 P.S. §§ 101-605, allows for the recovery of reasonable attorney's fees as follows:

### § 503.  Reasonable attorney's fees recoverable

(a)  If a borrower or debtor, including but not limited to a residential mortgage debtor, prevails in an action **arising under this act**, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution of such action, together with a reasonable amount for attorney's fee.

41 P.S. § 503(a) (emphasis added). The statute does not give rise to a mortgage foreclosure action "because a mortgage foreclosure action does

not arise under Act 6. Instead, Pennsylvania Rules of Civil Procedure 1141–1150 govern mortgage foreclosure actions." ***Generation Mortg. Co., supra*** at *4. Act 6 serves as "a prerequisite to commencing a residential mortgage foreclosure action." ***Id.*** "In the residential mortgage context, Act 6 is typically raised as a defense to mortgage foreclosure proceedings." ***Id.*** Section 403 of Act 6 is the provision that requires notice to the residential homeowner "that the delinquent mortgage is subject to foreclosure at some future date unless the owner takes some action. It is not a foreclosure action[.]" ***Id.*** "Remedies for a defective Act 6 notice include setting aside the foreclosure or denying a creditor the ability to collect an impermissible fee." ***Id.*** Significantly, a voluntary discontinuance of a mortgage foreclosure action does not entitle the mortgagor to recover attorney's fees under Section 503 "because a mortgage foreclosure action does not arise under Act 6." ***Id.*** at *5. Because a mortgage foreclosure action does not arise under Act 6, the mortgagor cannot be a "prevailing party" for purposes of recovering reasonable attorney's fees under Section 503 of Act 6. ***Id.*** Significantly, no statutory provision allows for an award of attorney's fees to a mortgagor who successfully defends a foreclosure action; without a clause in the mortgage or note allowing for the recovery of attorney's fees, none are available. ***Id.***

Instantly, the trial court reasoned as follows:

> This [c]ourt did not make any determination as to whether the instant mortgage foreclosure action was subject to the

requirements imposed by [Act 6], but merely denied [Appellant's] motion based upon [his] failure to establish that he had "prevailed" in the action.

On April 22, 2015, this [c]ourt heard and denied [Bayview's] Motion for Summary Judgment, having found that various issues of material fact remained, including issues of notice as well as issues of eligibility for government programs related to mortgage repayment. On April 29, 2015, [Bayview] filed a *Praecipe* to Settle, Discontinue, and End the mortgage foreclosure action without prejudice. This [c]ourt found that such proceedings did not confer a prevailing status upon [Appellant]. Although our Superior Court has consistently held that a party prevails if he…succeeds in obtaining substantially the relief sought, the existing precedent flows from circumstances involving confessed judgments and is not comparable to circumstances of the instant proceeding. As such, this [c]ourt properly found that [Appellant] had not satisfied the requirement of being the prevailing party in the action and properly denied the motion for statutory attorney's fees and costs.

(Trial Court Opinion at 3) (some internal quotation marks omitted). We agree with the court's decision to deny Appellant's application for an award of statutory attorney's fees and costs under Act 6, based on Bayview's voluntary discontinuance of the foreclosure action. This Court's ruling in **Generation Mortg. Co.** makes clear that a mortgage foreclosure action, either residential or commercial, does not arise under Act 6. Thus, Appellant cannot be a "prevailing party" under Section 503 of Act 6. Therefore, Appellant is ineligible to receive attorney's fees pursuant to that statute. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/27/2016