J-S55013-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| EAST HILLS LTD PARTNERSHIP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIERA MORGAN | : | |
| | : | |
| Appellant | : | No. 220 WDA 2019 |

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): LT-18-000189

BEFORE: MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: FILED NOVEMBER 12, 2019

In this landlord-tenant action, Tiera Morgan (Appellant) appeals from the trial court's order denying her motion to strike consent judgment. Upon review, we affirm.

On June 9, 2017, Appellant executed an agreement to lease a Section 8 subsidized residence at 2329 Wilner Drive, Pittsburgh, from East Hills Ltd. Partnership (Landlord). On February 2, 2018, Landlord filed an eviction complaint in the Magisterial District Court, alleging that Appellant violated the terms of the lease because members of her household (namely, her two minor sons) engaged in multiple criminal incidents in Appellant's residence and other property owned by Landlord. The Magisterial District Judge found in favor of Landlord, and awarded Landlord possession of the property and unpaid rent

_____

[*] Retired Senior Judge assigned to the Superior Court.

of $160.34.

Appellant appealed to the trial court, and Landlord filed a complaint on April 4, 2018. However, on June 20, 2018, the parties agreed to a consent judgment, which provided, inter alia, that: (1) within 7 days, Appellant would remove her minor sons from the property; (2) Appellant would vacate the property by December 31, 2018; (3) if Appellant complied with all of the terms of the consent, Landlord would waive the unpaid rent and provide Appellant with "a non-negative reference"; and (4) if Appellant violated any of the terms, Landlord would, upon motion, be awarded possession of the property and monetary judgment. Consent Judgment, 6/20/18.

One month later, on July 19, 2018, Landlord filed a "Motion for Possession upon Consent Judgment," averring that Appellant refused to remove her sons from the property. On the same day, Appellant filed an answer and countermotion seeking to strike the consent judgment.[1] Appellant averred that the juvenile court in her sons' adjudication matters directed that the sons be moved from their grandmother's home and placed with Appellant.

On January 17, 2019, the trial court entered the underlying order from which Appellant appeals; the order denied Appellant's motion to strike the consent judgment, awarded Landlord possession and $160.34, and directed Appellant to vacate the property by January 28, 2019. On January 29, 2019, Landlord filed a praecipe for writ of possession.

_____

[1] The certified record includes only the first page and the signature page of Appellant's motion; the other pages are absent.

Appellant, who remained in the property, filed a notice of appeal on February 13, 2019. On February 27th, Landlord filed a motion averring that Appellant had not applied for a stay or supersedeas, and requesting permission to proceed with eviction through the sheriff's office. That same day, Appellant filed an answer and motion for supersedeas. Appellant averred that: (1) prior to the trial court's January 17, 2019 order denying Appellant's motion to strike the consent judgment, Appellant remained in the property pursuant to a supersedeas under 68 P.S. § 250.513(b) (tenant's appeal to the court of common pleas from a lower court shall operate as a supersedeas if the tenant pays in cash or bond any judgment rendered by the lower court and any rent which becomes due during the court of common pleas proceedings); and (2) there was no authority for the supersedeas to end when the court of common pleas rendered its decision. The same day, February 27, 2019, the court denied Appellant's request for supersedeas and permitted Landlord to proceed with eviction on or after March 8, 2019. The court also specified that it was denying Appellant's "request for a stay." Order, 2/27/19. On March 5, 2019, the court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant complied. On May 23, 2019, the sheriff filed a writ of possession, indicating that possession of the property was delivered to Landlord.

On appeal, Appellant presents three issues:

1. Whether the Court erred in determining there was no mutual mistake in that the weight of the evidence clearly showed the parties had believed incorrect facts, including there were housing

- 3 -

alternatives for [Appellant's] sons and there were not;

2. Whether the Court erred in determining there was no misrepresentation by [Landlord] that induced [Appellant] to agree to the terms of the order in that such a determination was against the weight of the evidence and was admitted by [Landlord's] agent;

3. Whether the Court erred in granting Possession of the Property to [Landlord] in that prior to the entry of the order of January 17, 2019, [Appellant] and her children were able to stay in the premises pursuant to the supersedeas issued under 68 Pa. Stat. Ann. § 250.513; i.e., there is no provision under the law that the statutory stay does not continue pending an appeal.

Appellant's Brief at 3.

Before reaching the merits of Appellant's claims, we consider whether Appellant's appeal is moot. On June 26, 2019, this Court issued a rule to show cause upon Appellant as to why this appeal should not be dismissed as moot because Appellant is no longer in possession of the subject property. See Order, 6/26/19. Appellant responded to this Court's order, arguing: (1) if this Court determines that the consent judgment should have been stricken and remands the matter to the trial court, the issue of money judgment could be litigated; (2) if this matter is remanded, Landlord could recertify Appellant for subsidized housing and place her family in another unit; and (3) whether the trial court violated a supersedeas under 68 P.S. § 250.513(b) is a question of first impression. By per curiam order, this Court discharged the rule to show cause.

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. Pilchesky v.

Lackawanna Cnty, 88 A.3d 954 (Pa. 2014). An issue is moot if, in ruling on the issue, the court cannot enter an order that has any legal force or effect. Id. Where an appeal is mooted by a change in intervening facts or law, the appeal is subject to dismissal. Commonwealth v. Pruitt, 41 A.3d 1289 (Pa. 2012) (per curiam).

Courts, however, have recognized three exceptions to the mootness doctrine. We permit a decision on an otherwise moot appeal when: (1) the appeal presents a question of great public importance; (2) the appeal presents a question that is capable of repetition but likely to evade review; or (3) a party to the appeal will suffer some detriment from the decision appealed. In re D.A., 801 A.2d 614, 616 (Pa. Super. 2002) (en banc).

Here, there is no dispute that Landlord obtained possession of the property, essentially leaving this appeal devoid of controversy. However, Appellant's departure from the property does not render her appeal moot. Rather, because Appellant is a recipient of housing assistance under the Housing Act, the third exception to the mootness doctrine is applicable.

Under the Housing Act, the U.S. Department of Housing and Urban Development (HUD) promulgated regulations that, in effect, restrain the conduct of tenants. HUD authorizes public housing authorities, and through leases, owners of subsidized property, to impose tenancy conditions that advance the Housing Act's purpose of providing recipients "with decent, safe, and sanitary housing." Powell v. Hous. Auth. of Pittsburgh, 812 A.2d

1201, 1203 (Pa. 2002). HUD regulations allow a public housing authority to deny admission or terminate assistance "if any member of the family [was] evicted from federally assisted housing in the last five years." 24 C.F.R. § 982.552(c)(1)(ii). Thus, allowing Appellant's eviction to stand could be detrimental to Appellant because the eviction could impact Appellant's eligibility for housing assistance for up to five years. Accordingly, we do not find mootness.

Turning to the merits, Appellant first asserts that the trial court erred in finding there was no mutual mistake when the parties executed the consent judgment. Appellant maintains that the evidence established: (1) both parties were mistaken that Appellant's minor sons could live with their grandmother, where "the [g]randmother became ill and then died in the weeks following the entry of the consent order"; and (2) Landlord's belief that the sons committed delinquent acts "in the East Hills community" was mistaken, as the acts for which the sons were ultimately adjudicated delinquent did not occur at the apartment complex. Appellant's Brief at 8-10. We disagree.

In reviewing the denial of a petition to strike a judgment, we "examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case." Aquilino v. Philadelphia Catholic Archdiocese, 884 A.2d 1269, 1280 (Pa. Super. 2005), abrogated by Nicolaou v. Martin, 195 A.3d 880 (Pa. 2018), on different grounds.

Appellant filed a motion to strike — not open — the confessed judgment. This Court has explained the distinction:

> A petition to strike a judgment is a common law proceeding, and operates as a demurrer to the record. Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken.
>
> A petition to open a judgment is an appeal to the court's equitable powers and is a matter for judicial discretion. In considering a petition to open a judgment, the court may consider matters dehors the record. Ordinarily, a petition to open a judgment will not be granted unless three factors coalesce: "(1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense."

Bethlehem Steel Corp. v. Tri State Industries, Inc., 434 A.2d 1236, 1240-1241 (Pa. Super. 1981) (citations omitted). "With regard to a motion to strike a default judgment, '[a] court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment.'" Aquilino, 884 A.2d at 1280.

With respect to consent judgments, we have stated: "A decree entered by consent of the parties is so conclusive that it will be reviewed only on a showing that an objecting party's consent was obtained by fraud or that it was based upon a mutual mistake." Lee v. Carney, 645 A.2d 1363, 1365 (Pa. Super. 1994) (citation omitted).

> The doctrine of mutual mistake of fact serves as a defense to the formation of a contract and occurs when the parties to the contract have "an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the

agreed exchange as to either party." "A mutual mistake occurs when the written instrument fails to . . . set forth the 'true' agreement" of the parties. "[T]he language of the instrument should be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed."

Hart v. Arnold, 884 A.2d 316, 333 (Pa. Super. 2005) (citations omitted) (emphases added).

The June 20, 2018 consent judgment set forth the terms to which the parties, who were both represented by counsel, agreed. The consent order stated, inter alia, that within seven days, Appellant would remove her minor sons from the property, and that by December 31, 2018, Appellant would vacate the property. Appellant did not comply with the terms of this consent order, and a confessed judgment was ultimately entered in favor of Landlord. Appellant's subsequent motion to strike the confessed judgment improperly requested the trial court to consider matters dehors the record — specifically, purported evidence as to whether Appellant's sons could live with their grandmother, where the sons' delinquent acts were committed, and whether information given by Landlord's property manager was somehow deficient. See Scheiner, 465 A.2d at 142 (stating that matters dehors the record will not be considered); Bethlehem Steel Corp., 434 A.2d at 1240-1241 (stating same).

Further, in advancing her claim of mutual mistake, Appellant improperly relied on circumstances arising after the entry of the confessed judgment — the illness and death of her sons' grandmother, as well as the juvenile court's

alleged order that the sons return to Appellant's home.  See Hart, 884 A.2d at 333.  Accordingly, the trial court did not abuse its discretion in denying Appellant's motion to strike.  See Aquilino, 884 A.2d at 1280.

In her second claim, Appellant asserts that the trial court erred in finding there was no misrepresentation by Landlord, which induced Appellant to agree to the consent judgment.  Appellant relies on her own deposition testimony, which was not made a part of the record, to support her claim that she relied on Ms. Spencer's statement that Appellant could "simply transfer her [HUD] status to another property."  Appellant's Brief at 12.  Appellant further avers that Ms. Spencer acknowledged, in a September 18, 2018 deposition, that Appellant may have misunderstood her.  We disagree.

Similar to her first claim, Appellant's argument asks the trial court to consider facts or evidence (Appellant's and Ms. Spencer's September 2018 deposition testimony) both dehors the record and arising after the consent judgment of June 20, 2018.  See Aquilino, 884 A.2d at 1280.  As the trial court cannot consider this evidence, it did not abuse its discretion in denying Appellant's motion to strike the consent judgment.  See id.

Finally, Appellant asserts that she was entitled to remain in the property while her appeal was pending under a supersedeas pursuant to 68 P.S. § 250.513(b).  This subsection provides that in an action for the recovery of possession of real property or rent, a tenant's appeal to the Court of Common Pleas will generally act as a supersedeas if the tenant pays rent into escrow.

68 P.S. § 250.513(b). The subsection further provides that supersedeas will terminate if the tenant fails to pay rent into escrow. Id. Appellant points out that the statute does not provide other grounds for termination of the supersedeas, and extrapolates from this silence that a supersedeas will continue after the trial court's final ruling and through an appeal before the Superior Court. Again, we disagree.

When "we must interpret a statute to resolve [an a]ppellant's issues, our standard of review is de novo and our scope of review is plenary." Generation Mortg. Co. v. Nguyen, 138 A.3d 646, 649 (Pa. Super. 2016) (citation omitted). "Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit." Id. (citation omitted).

Section 250.513 of the Landlord and Tenant Act of 1951, upon which Appellant relies, provides:

§ 250.513. Appeal by tenant to common pleas court

(a) Every tenant who files an appeal to a court of common pleas of a judgment of the lower court involving an action under this act for the recovery of possession of real property or for rent due shall deposit with the prothonotary a sum equal to the amount of rent due as determined by the lower court. . . .

(b) Within ten days after the rendition of judgment by a lower court arising out of residential lease . . . either party may appeal to the court of common pleas, and the appeal by the

tenant shall operate as a supersedeas only if the tenant pays in cash or bond the amount of any judgment rendered by the lower court . . . and pays in cash any rent which becomes due during the court of common pleas proceedings within ten days after the date each payment is due into an escrow account with the prothonotary or the supersedeas shall be summarily terminated.

68 P.S. § 250.513(a)-(b) (emphasis added).

Appellant ignores that the title, as well as the plain language, of Section 250.513 refers solely to appeals from a "lower court" "to a court of common pleas."  See 68 P.S. § 250.513(a)-(b).  The applicability of these provisions to appeals before the Court of Common Pleas is clear and unambiguous, but Appellant's suggested interpretation – that the supersedeas extends beyond an appeal to the Court of Common Pleas – is not supported by the statute. See Generation Mortg. Co., 138 A.3d at 649.  Accordingly, no relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/12/2019