J. A10012/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT DUNCAN & LEAH MANN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| APPELLANT | : | |
| v. | : | |
| | : | |
| PROJECT HOME, 1212 LUDLOW LP AND | : | |
| JOAN D. MCCONNON | : | |
| | : | |
| | : | No. 3054 EDA 2015 |

Appeal from the Order September 15, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): February Term, 2015, No. 2882

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                                                 **FILED MAY 23, 2017**

Appellant, Robert Duncan, appeals *pro se* from the trial court's May 13, 2015 Order granting the Petition to Strike Default Judgment filed by Appellees, Project H.O.M.E., 1212 Ludlow, LP, and Joan D. McConnon, and the September 15, 2015 Order sustaining Appellees' Preliminary Objections and dismissing Appellant's Complaint. After careful review, we affirm.

On February 15, 2015, Appellant and Leah Mann[1] ("Mann") (collectively "Plaintiffs") commenced this action by filing a Complaint against Appellees, in which Plaintiffs alleged that Appellees committed acts of misconduct while Plaintiffs were residents of Project H.O.M.E. and during

---

[1] Leah Mann is not a party to this appeal.

Appellant's eviction from Project H.O.M.E.[2]  An Affidavit of Service shows that Plaintiffs served Appellees with the Complaint on February 26, 2016.

On March 9, 2015, counsel for Appellees entered their appearances. On March 30, 2015, Plaintiffs allegedly forwarded a Notice of Intent to Enter Default Judgment pursuant to Pa.R.C.P. No. 237.1. ("10-day Notice") to Appellees' counsel.

On April 10, 2015, Plaintiffs entered Default Judgment against Appellees by *praecipe*.  On April 16, 2015, Appellees filed a Petition to Strike Default Judgment, in which they alleged that Appellees' counsel did not receive the 10-day Notice Plaintiffs purportedly sent to counsel, and that Plaintiffs never sent the 10-day Notice to Appellees, as required by Pa.R.C.P. No. 237.1(a)(2)(ii).[3]

On May 13, 2015, the trial court granted Appellees' Petition and struck the Default Judgment.[4]

---

[2] With regard to the allegations in the Complaint, the trial court concluded that Plaintiffs "did not plead any cause of action in their Complaint. This [c]ourt assumed that the Plaintiffs were alleging malicious prosecution and defamation of character in their Complaint; however, the Plaintiffs at no point actually identified these theories in their Complaint." Trial Ct. Op., 6/21/16, at 4.

[3] Rule 237.1(a)(2)(ii) requires a party seeking entry of Judgment by default to provide Notice of Intent to Enter Default Judgment to both the "party against whom judgment is to be entered and to the party's attorney of record, if any." Pa.R.C.P. No. 237.1(a)(2)(ii).

[4] On June 2, 2015, Appellant filed an appeal from the May 13, 2015 Order. This Court quashed that appeal as interlocutory on July 10, 2015. **See**

On May 14, 2015, Appellees filed Preliminary Objections to the Complaint. On June 16, 2015, the trial court entered an order specifically directing Plaintiffs to file a Response to Appellees' Preliminary Objections; however, Plaintiffs did not comply. Therefore, on September 15, 2015, the court entered an Order sustaining Appellees' Preliminary Objections and dismissing the Complaint.

Appellant filed a Notice of Appeal on September 30, 2015. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

Appellant raises the following three issues for our review, which we reproduce here verbatim:

> 1. Did the trial court err in "strike default judgment of defendants," and "stricken" the default judgment entered in favor of Plaintiffs, without first implying the **Stabley Test** showing the three (3) elements: (1) the first prong being timeliness, (2) the second prong being an reasonable excuse of its delay to plead, and (3) the third prong being a meritorious defense and abusing its discretion by not conducting an hearing to better determine whether or not the ten (10) day notice letters were in fact mailed to all Defendants and Attorney's of record in accordance with Pa.R.Civ.P. 237.1(2)(ii). As these notices was needed before being certified for the default judgment entry?
>
> 2. Did the trial court err when it misapplied the law and failed to exercise fair judgment when it allow the Appellees too baldly file the "Petition to Strike Judgment" without an **rule to show cause**, in violating Pa.R.Civ.P. 206.2(a), and New Rule 206.4(a), as well as 206.7(a)?

---

*Duncan v. Project H.O.M.E, et al.*, No. 1728 EDA 2015 (Pa. Super. filed Sept. 1, 2015).

3. Did the trial court err in granting Defendants preliminary objection and dismissing the Plaintiffs Complaint and not require Appellants to file an Pa.R.A.P. 1925(b), as Appellants would have been penalized under the bright-line rule for failure to comply.

Appellant's Brief at 4.

In his first issue, Appellant challenges the trial court's May 13, 2015 Order granting Appellees' Petition to Strike Default Judgment. *Id.* at 9-10. Initially, we note that Appellant has confused the remedy of **striking** the Default Judgment, which occurred here, with **opening** the Default Judgment, which did not occur here. *Id.* Striking a judgment and opening a judgment are distinct remedies, and have distinct standards of review on appeal.[5]

Here, Appellees filed a Petition to **Strike** the Default Judgment, alleging that Appellant failed to comply with the dual notice requirement, certification, and attachment requirements of Pa.R.C.P. No. 237.1.

---

[5] A Petition to Strike operates as a demurrer to the record. *Keller v. Mey*, 67 A.3d 1, 4 (Pa. Super. 2013). Where a fatal defect or irregularity is apparent from the face of the record, the court must strike the Judgment as void. *Id.* (citation omitted). Because a Petition to Strike raises a question of law, our standard of review is *de novo* and our scope of review is plenary. *Oswald v. WB Public Square Assoc., LLC*, 80 A.3d 790, 793 (Pa. Super. 2013). A Petition to Open a Judgment is an appeal to the court's equitable powers and is a matter of judicial discretion. *Cargitlada v. Binks Mfg. Co.*, 837 A.2d 547, 550 (Pa. Super. 2003). In contrast to a Petition to Strike, when considering a Petition to Open a Judgment, the court may consider matters outside of the record. *Id.* "A petition to open default judgment is discretionary; to reverse, we must find either a manifest abuse of discretion or an error of law by the trial court." *Oswald*, 80 A.3d at 794 n.3.

Appellees did not file, and the court did not grant, a Petition to **Open** Default Judgment. Appellant has not claimed or argued in his Brief that the trial court erred in **striking** the Default Judgment. Therefore, Appellant has waived any challenge to the Order striking the Default Judgment. **See** Pa.R.A.P. 2119; **see also MacNutt v. Temple Univ. Hosp., Inc.**, 932 A.2d 980, 992 (Pa. Super. 2007) ("Appellants have the burden of developing their claims on appeal; arguments that are not appropriately developed are waived.").

In his second issue, Appellant baldly claims the trial court erred in granting Appellees' Petition to Strike Judgment without first holding a hearing to investigate the veracity of Appellees' claim that their counsel did not receive the Rule 237.1 Notice of Intent to Enter Default Judgment. Appellant's Brief at 10-11. Appellant claims this conduct violated "Pa.R.Civ.P. 206.2(a), and New Rule 206.4(a), as well as 206.7(a)[.]" **Id.** at 10.

Appellant's reliance on Pa.R.C.P. No. 206.4 is woefully misplaced, and in fact, undermines this claim in its entirety. Rule 206.4 requires that, generally, petition practice should proceed upon a Rule to Show Cause. Pa.R.C.P. No. 206.4(a)(1). The rule also provides, in relevant part, however, that "[a] judgment shall be stricken without the issuance of a rule to show cause when there is a defect on the face of the record that

constitutes a ground for striking a default judgment." Pa.R.C.P. No. 206.4(a)(2).[6]

Here, the trial court found a fatal defect on the face of the record—Appellant's failure to comply with the notice requirements of Rule 237.1. Thus, the court was required to grant Appellees' Petition to Strike. **See Keller**, 67 A.3d at 4. Rule 206.4(a)(2) expressly permitted the trial court to do so without first holding a hearing.

Appellant has likewise failed to demonstrate the relevance of Pa.R.C.P. Nos. 206.2(a) and 206.7(a). Rule 206.2(a) provides that "[a]n answer shall state the material facts which constitute the defense to the petition." **See** No. Pa.R.C.P. 206.2(a). Rule 206.7(a) provides that, "[i]f an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order." **See** Pa.R.C.P. No. 206.7(a). Accordingly, this claim also fails.

In his last issue, Appellant claims the trial court erred in sustaining Appellees' Preliminary Objections. Appellant's Brief at 4. Appellant does not, however, set forth any argument in support of this claim in his Brief to this Court. Accordingly, it is waived. **See** Pa.R.A.P. 2119; **see also MacNutt**, **supra.**

---

[6] Rule 206.5(e) reiterates that a court need not hold a rule to show cause hearing before striking a judgment by default where grounds for doing so are apparent on the face of the record. **See** Pa.R.C.P. No. 206.5(e).

Appellant also alleges in this issue that the court erred in not requiring him to file a Pa.R.A.P. 1925(b) Statement, "as Appellant[] would had [*sic*] been penalized under the bright-line rule for failure to comply." ***Id.*** at 4, 11-12. It appears here that Appellant's "logic" is as follows: the trial court was so deeply concerned with the propriety of its rulings and their ability to withstand appellate scrutiny that it did not order Appellant to file a Rule 1925(b) Statement in an effort to cause him to waive his issues on appeal. Appellant apparently believes that the failure to file a Rule 1925(b) Statement results in waiver of all issues on appeal, even if the trial court does not order an appellant to file a Rule 1925(b) Statement. This is, of course, not the case.

It is entirely within the trial court's discretion to order an appellant to file a Rule 1925(b) Statement. ***See*** Pa.R.A.P. 1925(b) ("If the judge entering the order giving rise to the [N]otice of [A]ppeal ("judge") desires clarification of the errors complained of on appeal, the judge **may** enter an [O]rder directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement")" (emphasis added)).

Furthermore, an appellant's issues on appeal are waived only when the trial court orders him to file a Rule 1925(b) Statement and he fails to comply. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[I]n order to preserve their claims for appellate review, [a]ppellants must

comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925."). This issue, therefore, lacks merit.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2017